CHARLES TREAT *v.* TOWN PLAN AND ZONING
COMMISSION OF THE TOWN OF ORANGE

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued February 5—decided March 6, 1958

*David M. Reilly, Jr.,* for the appellant (plaintiff).

*Richard H. Bowerman,* with whom was *Harold E. Drew,* for the appellee (defendant).

DALY, J.  On October 30, 1956, the defendant, after a public hearing, voted to amend the zoning regula-

tions of the town of Orange by increasing the minimum size of each lot in an AA residence zone from 30,000 square feet to 40,000 square feet and the minimum width from 150 to 160 feet at the street line. The plaintiff, a resident of Orange and the owner of many acres of undeveloped land in the town, appealed to the Court of Common Pleas, alleging that he had pending for final approval by the defendant a plan for the subdivision of his property which conformed to the regulations previously in effect and which had received the defendant's "tentative approval," and that the defendant, in voting to amend the regulations, had acted unreasonably, illegally and in abuse of the discretion vested in it. The court rendered judgment dismissing the appeal. The plaintiff has appealed to this court from that judgment.

Section 375d of the 1955 Cumulative Supplement was in effect in October, 1956. It empowered zoning commissions to provide for the manner in which zoning regulations and the boundaries of zoning districts were to be "established and amended or changed." It stated: "No such regulation or boundary shall be effective or be established until after a public hearing in relation thereto held by the zoning commission or a committee thereof . . . at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in [the] municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality for public inspection at least ten days before

such hearing, and may be published in full in such paper. . . . The provisions of this section relative to public hearings and official notice shall apply to all changes or amendments."

Notice of the time and place of the public hearing held on October 30, 1956, was published in a newspaper, the "New Haven Evening Register," on October 20, 1956, and October 26, 1956. The plaintiff claims that the first notice was published less than ten days before the public hearing and that, consequently, the requirements of the statute were not complied with. The provision for publishing the first notice "no[t] less than ten days . . . before such hearing," coupled with the provision that "a copy of such proposed regulation . . . shall be filed in the office of the town, city or borough clerk, as the case may be, in such municipality for public inspection at least ten days before such hearing," evidences the intention of the framers of the statute that the period should be ten full or clear days. No other construction will give meaning to these words of the statute. When so many days "at least" are given to do an act, or "not less than" so many days must intervene, both the terminal days are excluded. *Austin, Nichols & Co.* v. *Gilman,* 100 Conn. 81, 85, 123 A. 32. As ten full days did not intervene between the publication of the first notice and the public hearing on October 30, 1956, the notification required by § 375d was not given. Compliance with the statutory procedure was a prerequisite to any valid and effective amendment of, or change in, the zoning regulations. Consequently, the failure to comply with the requirements of § 375d rendered the amendment of the zoning regulations invalid. *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901.

Section 379d of the 1955 Cumulative Supplement

provides that "[a]ny person or persons severally or jointly aggrieved" by any decision of a zoning board of appeals "may . . . take an appeal to the court of common pleas." Section 381d provides that appeals from zoning commissions may be taken to the Court of Common Pleas in the manner provided in § 379d. The defendant maintains that the plaintiff is not an aggrieved person and that "[i]n view of the unchallenged finding that [plaintiff] was not an aggrieved party, the judgment must be approved." There is no unchallenged finding that the plaintiff was not an aggrieved person, since the court made no finding. In the absence of a finding, we turn to the memorandum of decision to ascertain the legal conclusions upon which the court based its judgment. *State ex rel. Haverback* v. *Thomson,* 134 Conn. 288, 291, 57 A.2d 259. An examination of the memorandum shows that the judgment was not based upon the conclusion that the plaintiff was not an aggrieved person but on the erroneous conclusion that the notice required by the statute was given. Ordinarily, if a case is tried on one theory, this court will determine the appeal upon the same theory. Maltbie, Conn. App. Proc., § 42. While the issue whether the plaintiff was an aggrieved person, as a technical matter, was raised in the pleadings, and the judgment file recited that the court "finds the issues for the defendant," the case was actually tried on the theory that the plaintiff was an aggrieved person within the rule laid down in cases such as *Kamerman* v. *LeRoy,* 133 Conn. 232, 237, 50 A.2d 175, and *O'Connor* v. *Board of Zoning Appeals,* 140 Conn. 65, 72, 98 A.2d 515. Since the case was tried on that theory, this court will determine the appeal on the same theory. Had the court meant to find that the plaintiff was not an aggrieved person, it would have dismissed the appeal

for lack of jurisdiction. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160.

There is error, the judgment is set aside and the case is remanded with direction to render judgment sustaining the appeal.

In this opinion the other judges concurred.