DONALD C. LUNT ET AL. *v.* ZONING BOARD OF APPEALS
OF THE TOWN OF WALLINGFORD ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued April 3—decided May 15, 1963

*Donald C. Lunt,* with whom was *Robert P. Billings,* for the appellants (plaintiffs).

*Samuel H. Platcow,* with whom was *Francis R. Danaher,* for the appellees (defendants Meyer).

MURPHY, J.  The plaintiffs appealed to the Court of Common Pleas from the action of the zoning board of appeals of Wallingford approving the application of August A. Meyer for a "variance" to permit him to substitute, for the nonconforming use of his property as a mink ranch, the commercial nonconforming use of it for a shopping center. From the judgment sustaining the action of the board, the plaintiffs, have appealed as aggrieved neighboring property owners.

Prior to the adoption of zoning in Wallingford, Meyer conducted a mink ranch on property at 925 East Center Street which he owns jointly with his

wife, and this use has continued to the present. The property is in a district which is zoned "rural" and in which the commercial raising of furbearing animals is not permitted. Wallingford Zoning Regs. § 5.1.3. The mink ranch is a nonconforming use. On October 16, 1961, Meyer applied to the zoning board of appeals for a "variance" to change the nonconforming use of his property from a mink ranch to a use for commercial business—a group of seven stores. Notice of a public hearing on November 13, 1961, to consider the request was published on November 3 and 10, 1961. The notice stated that "August Meyer of 925 East Center Street, Wallingford, Connecticut requests from the Zoning Board of Appeals permission to change the use of his property from a non-conforming use (a mink ranch) to a lesser non-conforming use." At the hearing, Meyer informed the board that he had given an option to purchase the major portion of his twenty-two-acre tract to clients of a Southport real estate agency. The option was conditioned on favorable action by the board. The buyers proposed constructing a shopping center of seven retail stores occupying 100,000 square feet of floor space and a parking area for 500 cars. Meyer was to retain the lot on which his house and barn are located, at the northwest corner of the tract. He intended to discontinue permanently the operation of the mink ranch but to continue the retail sale of furs in his house under a variance previously granted for that purpose. The board voted unanimously to grant Meyer's application, attaching certain conditions not material to our disposition of the case. The minutes of the meeting stated: "Variance granted for another non-conforming use less objectionable in character (pursuant to Planning

and Zoning Regulations, Section 11, paragraph 11.1.1). Not contrary to long range zoning." [1]

Zoning in Wallingford is governed by regulations enacted by the planning and zoning commission under what is now chapter 124 of the General Statutes. Wallingford Zoning Regs. § 14. The regulations are of the permissive type, listing the uses which are permitted in each kind of district. Shopping centers, as such, are not listed as permitted uses in any of the districts, although the type of store for which this change was granted is a permitted use in commercial districts. Wallingford Zoning Regs. § 7.1.10. Retail stores are not included in the uses permitted in rural districts. Wallingford Zoning Regs. § 5. Consequently, one store or a group of stores would be nonconforming uses in a rural zone.

The powers and duties of the zoning board of appeals are to be found in General Statutes § 8-6. This section has been incorporated in § 12.3 of the zoning regulations of Wallingford. Every application submitted to the board, whether for a special exception or other specific matter provided for in the regulations, or for a variance, or in the nature

---

[1] "Section 11
Non-Conforming Buildings
and Uses
11.1. Any non-conforming use of building legally existing at the time of the adoption of these regulations or of any pertinent amendment thereto, may be continued and any building so existing which was designed, arranged, intended for or devoted to a non-conforming use may be reconstructed and structurally altered, and the non-conforming use therein changed subject to the following regulations.
  11.1.1. No non-conforming use may be changed except to a conforming use, or, with the approval of the Zoning Board of Appeals, to another non-conforming use no more objectionable in character."

of an appeal, requires a public hearing, notice of which must be published in a newspaper, having a substantial circulation in the town, at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, before the hearing, and the last not less than two days before it. General Statutes § 8-7. The notice in this case was first published on November 3. The hearing was scheduled for November 13. The statute uses the expression "nor less than ten days" for the period of time which must elapse between the day of the first publication and the day of the hearing. Both terminal days are excluded in the computation. *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 139, 139 A.2d 601. Only nine days intervened in this instance, and the notice was fatally defective. Ibid.; *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542; *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901; *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552.

The notice which was published was deficient in another respect. It simply recited that Meyer sought permission to change the use of his property from a nonconforming use (a mink ranch) to a lesser nonconforming use. The zoning regulations do not contain a schedule listing the degrees of nonconformity in the nonconforming uses that may exist in Wallingford. The regulation, § 11.1.1, under which the board claimed to have acted, provides for a change to "another non-conforming use no more objectionable in character." In a given situation, it is quite possible that a "lesser" nonconforming use might, to some neighbors, residents or property owners, be more objectionable than the existing use or even some "greater" nonconforming use. The

notice did not fairly and sufficiently apprise those who might be affected by the change of the nature, character and extent of it so they could decide whether they considered a shopping center in a rural district to be no more objectionable to them than the mink ranch and could make adequate preparation to take part in the hearing and protest if they wished. *Neuger* v. *Zoning Board,* 145 Conn. 625, 630, 145 A.2d 738; *Winslow* v. *Zoning Board,* 143 Conn. 381, 388, 122 A.2d 789; *Smith* v. *F. W. Woolworth Co.,* supra.

Meyer advances the argument that although he applied for a variance, he was in fact only seeking a change in a nonconforming use, and that no notice of a hearing on such a change is required, but if one is, the notice in this case was adequate. Strictly speaking, the change which Meyer sought was not a variance. It was one of the matters on which the board of appeals is required to pass under the specific terms of the zoning regulations. General Statutes § 8-6 (2); Wallingford Zoning Regs. § 11.1.1. It is in the same category as, and is somewhat in the nature of, a special exception, in that the regulations permit the change if the board of appeals approves. See *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 72, 147 A.2d 472; *Service Realty Corporation* v. *Planning & Zoning Board of Appeals,* 141 Conn. 632, 636, 109 A.2d 256. Section 8-7 of the General Statutes states that the board of appeals "shall fix a reasonable time for the hearing of any appeal" and give due notice thereof to the parties, and it requires publication of the notice at least twice, as heretofore indicated. In using the words "any appeal," the legislature cannot be deemed to have restricted the requirement for notice to appeals from the orders, requirements or decisions of

the officials charged with enforcing the zoning statutes or regulations. General Statutes § 8-6 (1). If that interpretation were correct, no notice would be required for hearings upon special exceptions or upon specific matters covered by the regulations or upon variances, the other classes of cases on which the board can act. General Statutes § 8-6 (2),(3). The word "appeal" is not used in the statute in its technical sense. *Beaverdale Memorial Park, Inc.* v. *Danaher*, 127 Conn. 175, 181, 15 A.2d 17. A reading of § 8-7 compels the conclusion that by using the words "any appeal" the legislature intended to include any application submitted to the board to invoke the powers conferred upon it by § 8-6 (2) and (3) as well as appeals from the orders or decisions of any officer charged with the enforcement of the zoning regulations. § 8-6 (1). Any other interpretation would permit the board of appeals to act upon special exceptions, variances and other specific matters in private and without notice to the general public, thereby depriving interested parties of their right to be heard. *Parsons* v. *Board of Zoning Appeals,* 140 Conn. 290, 293, 99 A.2d 149; *Wadell* v. *Board of Zoning Appeals,* 136 Conn. 1, 8, 68 A.2d 152. Such a situation is in conflict with the intent and purpose of zoning. We repeat what has been said earlier in this opinion: A zoning board of appeals acting under § 8-6 must conduct a public hearing on each and every application submitted to it and give timely and adequate notice in accordance with § 8-7.

While the foregoing is dispositive of the appeal, we are constrained to call attention to the restrictive language in § 11 of the Wallingford zoning regulations. This regulation makes no provision for a change to a nonconforming use like the one

contemplated here. The record shows conclusively that the proposed shopping center was to be a newly constructed building consisting of seven stores. The house and barn on the property were not to be reconstructed or structurally altered in any way to come within the provisions of the regulation. The regulation makes provision only for a change of a nonconforming use in a building where the existing building can be altered to contain the use for which the change is sought. See *State ex rel. Chatlos* v. *Rowland,* 131 Conn. 261, 265, 38 A.2d 785. It makes no provision for a change in a nonconforming use of the premises as distinct from the buildings upon them.[2]

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.

---

[2] The copy of the zoning regulations filed with the return by the board is not printed as required by General Statutes § 8-2a. The copy appears to have been produced by some duplicating process. It is replete with misspelled words. It should be corrected and then printed.