JAMES AURORA ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF EAST HAVEN ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and THIM, Js.

Argued May 4—decided May 17, 1966

*I. Milton Widem,* for the appellant (defendant Stop and Shop, Inc.).

*Anthony V. DeMayo,* with whom, on the brief, was *Edward W. Cohen,* for the appellees (plaintiffs).

HOUSE, J.   The plaintiffs appealed to the Court of Common Pleas from the action of the defendant board in granting an application of the defendant Stop and Shop, Inc., of Connecticut for a variance of the East Haven zoning ordinance regulating the distance between retail outlets selling alcoholic beverages. In *Aurora* v. *Zoning Board of Appeals,* 151 Conn. 378, 198 A.2d 60, we found error in a judgment which sustained a plea in abatement to the appeal.   The case was remanded for further proceedings.

In those further proceedings the plaintiffs pleaded that the defendant zoning board had no jurisdiction to grant the requested variance because it failed to give notice of its hearing on the application in accordance with General Statutes § 8-7. With respect to notice of a public hearing on such an application as this, § 8-7 expressly provides: "Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals

of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing."

The record discloses that the application for the variance was filed on January 9, 1963, the hearing was held on January 22, 1963, and the notice of the hearing was published in a newspaper having a substantial circulation in the town of East Haven on three consecutive days, January 13, 14 and 15, 1963.

Obviously, this publication did not comply with the statutory requirement, and the notice was fatally defective. *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, 536, 191 A.2d 553. Compliance with the statutory procedure for notice was a prerequisite to any valid and effective action of the zoning board in granting the requested variance. *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 139, 139 A.2d 601; *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901. Failure to give proper notice constitutes a jurisdictional defect. *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542; *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552.

The action of the defendant board has not been validated by § 18 of No. 355 of the 1965 Special Acts, which validates certain grants of variances despite defective notice. The act expressly excepts from validation any grant of a variance "if an appeal from such grant . . . is pending in any court." The present appeal was pending when the act was passed.

The trial court correctly concluded that, because of the insufficiency of the notice of the public hearing, the defendant board lacked jurisdiction to hear the application and its decision granting the vari-

ance was invalid. The court properly sustained the appeal.

There is no error.

In this opinion the other judges concurred.