ALFRED DiCAMILLO ET AL. *v.* VINCENT E. CLOMIRO
ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, Js.

Argued November 1, 1977—decision released March 7, 1978

*John J. Coughlin,* with whom, on the brief, was *William K. Bennett,* for the appellants (plaintiffs).

*Vincent M. Zanella, Jr.,* with whom was *Anthony P. Copertino,* for the appellees (named defendant et al.).

SPEZIALE, J. The plaintiffs have appealed from a judgment of the Superior Court sustaining the defendants' pleas in abatement to the plaintiffs' action for injunctive relief and damages.

The background of the plaintiffs' action is as follows: The individual defendants, Vincent Clomiro, Kenneth Catandella, Robert Walsh, and Anthony Copertino, Jr., filed an application for a variance with the defendant zoning board of appeals of Bridgeport. The first newspaper notice of the application appeared on December 2, 1974. The second notice appeared on December 9, 1974. A public hearing on the application was held on December 12, 1974, at which time the matter was tabled. On January 9, 1975, the zoning board of appeals considered the petition in light of changes in construction made in accordance with recommendations of its zoning officer. The application was granted conditionally on January 13, 1975, and publication of the conditional approval appeared on that date. The plaintiffs, Alfred DiCamillo and Mary Miko, took no appeal from the action of the zoning board of appeals within the statutory time limit.

In December, 1975, the plaintiffs, as abutting landowners, brought an action in the Superior Court against the individual defendants and the Bridgeport zoning board of appeals claiming injunctive relief and damages. The individual defendants and the defendant Bridgeport zoning board of appeals filed pleas in abatement, with identical allegations, claiming that the plaintiffs had failed to take a timely appeal under the applicable statute[1] and

___

[1] General Statutes § 8-8 provides, in pertinent part: "Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts the land involved in any decision of said board . . . may, within fifteen days from the date when notice of such decision was published . . . take an appeal to the court of common pleas of the county or judicial district in which such municipality is located . . . ."

that the court therefore lacked jurisdiction. The plaintiffs denied the allegations of the defendants' pleas in abatement, and thus the issue was joined.

The plaintiffs contended that, because statutory notice[2] of the public hearing was defective, the zoning board of appeals did not have jurisdiction to grant a variance, and that the Superior Court can give relief when a zoning board of appeals has acted without jurisdiction.

General Statutes § 8-7 requires that first publication of notice of a public hearing appear not less than ten days before the hearing. Both terminal days are excluded in the computation. *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, 536, 191 A.2d 553 (1963); *Treat* v. *Town Plan & Zoning Commission,* 145 Conn. 136, 139, 139 A.2d 601 (1958). Since only nine days had elapsed between the first publication and the public hearing, statutory notice was fatally defective, and the action of the zoning board was invalid. Ibid. In fact, in its finding, the court specifically concluded that "[s]tatutory notice which is a prerequisite to the granting of a variance was defective in the instant case." The court further concluded that "[t]he Superior Court can in equity give relief when the Zoning Board does not have jurisdiction to grant a variance." See *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 93, 111 A.2d 552 (1955).

The court thus concluded that the zoning board of appeals was without jurisdiction to grant the

[2] General Statutes § 8-7 provides, in pertinent part: "Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing."

variance and that a court of equity has jurisdiction to grant relief under such circumstances. On the basis of those conclusions the court should have stopped right there and overruled the pleas in abatement; however, it went further and actually decided the case on its merits by sustaining the pleas in abatement on the ground that "injunctive relief would be most inequitable."[3] The court went too far, because the simple issue before the court was one of jurisdiction raised by the allegations contained in the defendants' pleas in abatement which were denied by the plaintiffs. Moreover, according to the record before us, the defendants had not yet filed an answer to the plaintiffs' complaint. The court's consideration of the plaintiffs' complaint on its merits was premature. It was, therefore, error to sustain the defendants' pleas in abatement.

There is error, the judgment is set aside and the case is remanded with direction to overrule the pleas in abatement and then proceed in accordance with law.

In this opinion the other judges concurred.

---

[3] The ground quoted is from the memorandum of decision, because the court's conclusions in the finding do not set forth its reason for sustaining the pleas in abatement.