[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the defendant Zoning Board of Appeals of the City of New Britain (the "ZBA") granting a use variance to the defendant Dominic Colossale. Colossale's property (the "Property") lies partly in zone district "T", a two-family residence zone, and partly in zone district "I-2", a general industry zone. The variance will allow the construction of thirty eight (38) residential units in nineteen (19) buildings.
The Property is a long, irregularly shaped parcel 2.63 acres in size which abuts South Street along the Southerly boundary. Access to the Property is provided by Konstin Place, which provides access to the Westerly portion of the Property.
The plaintiff Muriel W. Lessner owns property known as 32 Konstin Place, New Britain. Her property abuts and is within one hundred (100) feet of the Property. The plaintiff therefore has standing to bring this appeal pursuant to Connecticut General Statutes, Sec. 8-8(a).
The plaintiff's first claim on appeal is that the ZBA did not have jurisdiction to act on Colossale's variance application because of his failure to comply with certain applicable notice requirements. Section 270-20-20.20 of the New Britain zoning ordinances requires an applicant for a variance to post a sign on the affected premises "for a period of not less than 15 days immediately preceding the public hearing date or any adjourned date" (emphasis added). This section of the zoning ordinances also requires that the applicant file an affidavit that he has complied with the requirements of the section.
The public hearing on Colossales's variance application was first scheduled for February 28, 1989. The sign required by the zoning ordinance was posted sometime after 8:30 A.M. on February 14, 1989. If the public hearing had gone forward as scheduled on February 28, 1989, the sign would not have been posted for the requisite fifteen days. When calculating the time period CT Page 1143 for the giving of notice of a public hearing, neither terminal day is included. DiCamillo v. Clomiro, 174 Conn. 351, 353 (1978).
However, the application was tabled on February 28, 1981 and the public hearing was postponed until March 28, 1989. The sign remained posted from February 14 until March 28, 1989 and therefore was posted for at least fifteen days preceding the "adjourned date" of the public hearing. The notice requirement of Section 270-20-20.20 of the zoning ordinance was therefore satisfied.
The plaintiff further contends that the ZBA lacked jurisdiction of the application because of Colossale's failure to satisfy the requirement of the ordinance that an affidavit be filed demonstrating compliance with the notice requirements. Colossal did file a signed statement dated February 28, 1989 certifying that the sign was posted for more than 15 days. However, the statement does not contain an oath.
An affidavit is "[a]ny voluntary ex parte statement. reduced to writing, and sworn to or affirmed before some person legally authorized to administer an oath or affirmation." Ballantine's Law Dictionary, 3rd Ed. 1969. For a document to qualify as an affidavit it must contain an oath. Fogarty v. Rashaw, 193 Conn. 442, 444 (1984).
The statement submitted by Colossale was not an affidavit because it failed to contain an oath. This deficiency does not, however, deprive the ZBA of its jurisdiction to act on the application. The ZBA's purpose in requiring the filing of an affidavit presumably is to ensure compliance with the requirement that a sign be posted at least fifteen days before the public hearing. The ZBA found that the sign was posted for the thirty days immediately preceding the March 28, 1989 public hearing. This court has found that the sign requirements were satisfied. The purpose of the regulations therefore was met. The public received notice for a substantial period of time prior to the public hearing. The ZBA's jurisdiction is not defeated by the applicant's failure to submit his certification of notice under oath.
It is the function of a zoning board of appeals to grant a variance of the zoning regulations when the regulations impose a hardship upon a landowner. Finch v. Montanari, et al., 143 Conn. 542,546 (1956). "[U]ndue hardship is established `where a board could reasonably find that the application of the regulation to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulation, as applied, bears so little relationship to the purposes of zoning that, as to particular premises, the regulation has a confiscatory or arbitrary effect.'" Grillo v. Zoning Board of CT Page 1144 Appeals, 4 Conn. App. 205, 203 (1985); affirmed 206 Conn. 362
(1988), quoting Dolan v. Zoning Board of Appeals, 156 Conn. 426,431 (1968). "Disadvantage in property value or income, or both, to a single owner of property, resulting from the application of zoning restrictions, does not warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. " Culinary Institute of America, Inc. v. Board of Zoning Appeals,143 Conn. 257, 261 (1956), quoting, Thayer v. Board of Appeals,114 Conn. 15, 22 (1931). "That it would be to the applicant's financial advantage to secure the variance does not constitute practical difficulty or unusual hardship. " Krejpcio v. Zoning Board of Appeals, 152 Conn. 657, 662 (1965).
The ZBA in the instant case failed to comply with Connecticut General Statutes, Sec 8-7, which requires the ZBA to state the reason for its decision and to "describe specifically the exceptional difficulty or unusual hardship on which its decision is based." (Counsel for the ZBA conceded at oral argument that the statement "[T]he Board finds the granting of this variance will not involve substantial detriment to the public good nor substantially impair the purpose and intent of the ordinance" was not a finding or reason specifically applicable to the Colossale variance application. It is standard language which the ZBA simply puts in its minutes after the fact for all variances.) A search of the record shows that there was no basis for a finding of hardship.
The Property lies in two zoning districts. The bulk of the Property is located in the "T" zoning district, a two-family residence zone. During the course of his presentation before the ZBA, Counsel for the applicant, Colossale, implicitly conceded that at least one two-family home could be built on the site with a possibility of constructing two or three such homes. This use of .the Property would conform to the "T" zone. There was no evidence that a limitation to two-family homes would "be confiscatory or would effectively destroy the economic utility of the parcel." Kelly v. Zoning Board of Appeals, 21 Conn. App. 594, 599 (1990).
There was no evidence at all as to any hardship arising out of the I-2 zoning of a significant portion of the Property, the frontage along South Street. The ZBA granted a use variance for the required general industry uses without hearing any claim or receiving any evidence that the I-2 zone imposed a hardship upon the applicant.
The shape of the Property is irregular and the topography does include slopes. However, Colossale failed to show that these conditions precluded the use of the Property in a manner consistent with the zoning regulations. Indeed, his Counsel admitted that some two-family homes could be built. CT Page 1145
The defendants argue that in granting the variance, the ZBA relied on its own knowledge of Colossale's hardship from an earlier variance application which was granted. There is no evidence in the record to support this contention. If the ZBA was relying on its prior knowledge of the Property, it was incumbent upon the ZBA to reveal its special knowledge and give notice of the facts on which it was relying. Feinson v. Conservation Commission,80 Conn. 421, 428 (1980). The ZBA could have incorporated into the record of this variance application, the minutes, transcript and other evidence relating to the earlier application, but it failed to do so.
The burden is on the applicant to prove hardship. Kelly v. Zoning Board of Appeals, supra. An examination of the record here reveals no hardship. The plaintiff's appeal is sustained.
CHRISTINE S. VERTEFEUILLE, Judge