[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court on defendant's motion for Summary Judgment as to Count One. In its motion, the defendant alleges that plaintiff has failed to comply with the prepossession provision mandated under Connecticut General Statutes 42-98b.
Summary judgment may be rendered by the trial court if the pleadings, affidavits and any other proof submitted show no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). Practice Book See 384 (1978). The burden of proof is on the moving party to show the absence of any genuine issue as to all material facts. Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985). It is the role of the trial court not to decide issues of fact but only whether any such issues exist. Telesco v. Telesco, 182 Conn. 715, 718, (1982). Material facts are defined by the court as those facts which will make a difference in the result of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979) Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. State v. Goggin, 208 Conn. 605, 616 (1988).
Steven Lucisano signed a Connecticut Retail Installment Contract, when he agreed to purchase a vehicle on credit from Dowling Ford. The contract was assigned to the plaintiff (Ford).
It is alleged that default in payment occurred. Further, in Count Two, it is alleged that the claimed deficiency after repossession, applies to the other named defendant, Roland Lucisano, who was a guarantor under the Contract.
Defendant Steven Lucisano now filed this motion alleging that the plaintiff failed to give him proper prerepossession notice the right to redeem per Connecticut General Statutes 42-98 in that notice was not served upon him in accordance with the requirement of the statute and further, arguendo, assuming service was made, it was not timely.
In response to a Request for Admission the plaintiff admitted that it sent, on March 25, 1988, notice to both defendants. The cure date was April 4, 1988. Plaintiff further admitted that Robert Lucisano received the notice on April 15, 1990 and that Steven Lucisano did not receive the notice although the Post Office left notes at his name which were subsequently returned as "unclaimed." CT Page 3503
Connecticut's Retail Installment Sales Financing law provides in part that:
 Not less than ten days prior to the retaking, the holder of such contract, if he so desires, may serve upon the retail buyer, personally or by registered or certified mail, a notice of intention to retake the goods on account of the buyer's default. The notice shall state the default and the period at the end of which such goods will be retaken, and shall briefly and clearly state what the retail buyer's rights under this subsection will be in case such goods are retaken . . . .
Connecticut General Statutes 42-98 (b).
The statute says that when notice of the intention to repossess is served prior to repossession such notice must be served "not less than ten days prior to the retaking" and requires the notice to state "the period at the end of which such goods will be retaken." Id. "When a statute specifies . . . `not less than', both the terminal days are excluded." Bell v. Peerless Insurance, 3 CSCR 652, 653 (June 27, 1988, Hodgson, J.) citing Treat v. Town Plan Zoning Commission, 145 Conn. 136, 139 (1958); DiCamillo v. Clomiro, 174 Conn. 351, 353 (1978). In the present case, the prerepossession notice was dated March 25, 1988; a cure date of April 4, 1988 was specified in the notice. Excluding the terminal dates, the alleged service was only nine days prior to retaking in violation of the statute.
Our Supreme Court has held that in entirely commercial transactions failure to provide required notification serves to limit, but not to preclude a creditor's action for a deficiency judgment. See Connecticut Bank Trust v. Incendy, 207 Conn. 15,27-28 (1988). However, for entirely consumer transactions, our case law has assigned a more serious consequence to a failure to give notice. Since this is consumer legislation, the interpretation should be guided by its remedial purpose of protection for retail buyers. See Barco Leasing Corporation v. House, 202 Conn. 106, 116 (1987).
Plaintiff's argument in this matter, is that since the property was not repossessed until April 13, 1988, eighteen days had elapsed since notice, the 10 days notice requirement of the statute was more than satisfied.
Plaintiff's interpretation of the statute subverts the statute's purpose as well as the explicit meaning of the subsection when taken as a whole. "[T]he application . . . of common CT Page 3504 sense to the statutory language is not to be excluded." Builders Service Corp. v. Planning Zoning Commission, 208 Conn. 267, 276
(1988) (citations omitted). "A statute, of course, should not be interpreted to thwart its purpose." Id. "A statute should be construed so that no word, phrase or clause will be rendered meaningless." Verrastro v. Sivertsen, 188 Conn. 213, 221 (1982) (citations omitted).
Plaintiff also seemingly argues that the notice stated that April 4, 1988 was the cure date after which repossession would take place. The argument continues that this satisfied and complied with the language of the statute which requires the notice to state ". . . the period at the end of which such goods would be retaken." Somehow, plaintiff would want the court to conclude that plaintiff's delay in repossession restored defendant's redemtion rights.
The court is not persuaded by this argument. The ten day notice provision would be rendered meaningless if the plaintiff is allowed to set a date at which repossession would take place prior to the ten days and then comply with the statute by repossession after the ten day period.
The notice provisions of Connecticut General Statutes 42-98 are mandatory because the purpose of the act is to protect the retail buyer. Colt Employee Federal Credit Union v. Legassie,30 Conn. Sup. 604, 606 (App.Div. 1973). See also Mack Financial Corp. v. Crossley, (supra).
The procedural defect in plaintiff's repossession notice defeats any recovery for a deficiency judgment. The time requirements were never complied with by the plaintiff. The court, therefore need not address, plaintiff's arguments viz a viz "actual notice."
The Motion for Summary Judgment is granted.
Socrates H. Mihalakos, Judge