[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Inland Wetland and Watercourse Commission of the Town of Orange (hereafter called the Commission) which granted a regulated activities permit for filling of land and related construction activities in inland wetlands on a 2.88 acre lot in Orange. The plaintiffs are owners of properties in the general area of the lot involved in the application. The appeal claims that the application did not conform to the Inland Wetlands Regulations, that the map submitted with it was inaccurate, and that the Commission gave no reasons for its decision and failed to consider alternative uses for the property as required by statute and its own regulations. These claims go to the merits of the appeal and cannot be decided until the plaintiffs meet the jurisdictional requirement of proving aggrievement. Another claim in the appeal is that one of the two required legal notices of the public hearing was defective and that this was a jurisdictional defect which invalidated the entire proceeding before the Commission. Technically this issue also does not have to be decided until at least one plaintiff proves aggrievement, but in the interest of judicial economy it will be decided by the Court since it has been briefed and can be raised in later proceedings to challenge the permit issued by the Commission even if this Court dismisses this appeal. Defects in publication of the legal notice are jurisdictional and several cases have held that this issue can be raised in subsequent proceedings, and even if no timely appeal was taken. Smith v. F. W. Woolworth Co., 142 Conn. 88, 93, 94
(declaratory judgment action); Hutchison v. Zoning Board of CT Page 3308 Appeals, 138 Conn. 247, 251 (subsequent appeal) DiCamillo v. Clomiro, 174 Conn. 351, 352, 353.
The statutory requirements for notice of public hearings on applications to inland wetlands agencies under section22a-42a of the General Statutes are similar to those for zoning commissions and zoning boards of appeals under Chapter 124 and planning commissions under Chapter 126 of the General Statutes. Section 22a-42a(c) C.G.S. contains the notice requirements for a public hearing on an application to an inland wetlands agency for a regulated activities permit. It provides: "notice of the hearing shall be published at least twice at intervals of not less than 2 days, the first not more than 15 days and the second not fewer than 10 days, and the last not less than 2 days before the date set for the hearing in a newspaper having a general circulation in each town where the affected wetland and watercourse, or any part thereof is located." In this case the first of the two legal notices was published on Monday, October 29, 1990 for a public hearing on Tuesday, November 13, 1990. The plaintiffs claim that this does not comply with the requirement in the statute that the first legal notice must be published "not more than 15 days" before the hearing date, and that publication here was one day too early.
There are apparently no reported decisions on how the statutory time limits are computed to set the earliest date for publication of the first of the two required legal notices under section 22a-42a(c) C.G.S. or similar provisions with comparable phrasing in the other land use notice statutes, sections 8-3(a), 8-3c(b), 8-7 and 8-26 of the General Statutes. The reported decisions under those statutes cover claims that the first or second legal notice was published too close to the public hearing date, a different issue.
It is well established that compliance with the notice requirements is a prerequisite to any valid action by the municipality and that failure to give proper notice is a jurisdictional defect rendering the action of the municipality null and void. Aurora v. Zoning Board of Appeals, 153 Conn. 623, 625; Slagle v. Zoning Board of Appeals, 144 Conn. 690, 693; Smith v. F.W. Woolworth Co., supra, 94; Lunt v. Zoning Board of Appeals, 150 Conn. 532,536; Jarvis Acres, Inc. v. Zoning Commission, 163 Conn. 41,44; Cocivi v. Plan Zoning Commission, 20 Conn. App. 705,707. In Aurora v. Zoning Board of Appeals, supra, 625, the notice was defective because the two publications did not comply with mandated publication intervals. Where publication of the legal notice must occur "not less than 10 CT Page 3309 days. . . before such hearing" it was held in Treat v. Town Plan Zoning Commission, 145 Conn. 136, 139, that the statute required that there be ten full or clear days before the hearing. The requirement at the first publication be "not fewer than 10 days" before the public hearing is similar to the requirement that publication occur "at least" or "not less than" ten days before the public hearing which requires that ten days must intervene and both terminal days are excluded. DiCamillo v. Clomiro, supra, 353; Lunt v. Zoning Board of Appeals, supra, 536; Treat v. Town Plan Zoning Commission, supra, 139, citing Austin Nichols Co. v. Gillman, 100 Conn. 81, 85. This follows the concept that the day of the act from which a future time is to be ascertained is to be excluded from the computation. Lamberti v. Stamford,131 Conn. 396, 397, 398. This means that the last possible day for publication of the first legal notice would have been the 11th day prior to the date of the hearing, namely November 2nd. The first legal notice also could be published not more than 15 days before the hearing date of November 13. Accordingly, if the hearing date is excluded, the 15th day before November 13th, namely October 29, would be the first date on which the first legal notice could be published. Otherwise the 5 day window for publication given in the statute would be compressed into 4 days.
Section 22a-42a(c) itself also supports the defendants' argument that the date of the public hearing is excluded in making the 15 day computation since the statute provides for the first publication "not more than 15 days. . . before the date set for the hearing." (emphasis added). Where a statute has such a requirement requiring certain action to be taken before a date, then the time period does not include that day. Atwater Co. v. Bowers, 74 F.2d 253, 255 (2nd Cir. 1934). See also Brooklyn Trust Co. v. Town of Hebron,51 Conn. 22, 27, 28, holding that when a statute required notice of a town meeting to be given at least "5 days inclusive before the meeting is to be held" that this phrase meant 5 days inclusive of the day on which the notice is posted but exclusive of the date on which the meeting was to be held; the phrase "before the meeting is to be held" meant before the day on which the meeting was to be held. Here publication of the legal notice on October 29 was the fifteenth day before the date of the public hearing, November 13, 1990, and was the earliest date on which the first legal notice could be published. Fourteen days intervened between the date of publication and the date of the public hearing and the 15 day period is met if the terminal day, the date of the public hearing, is excluded. The notice was timely.
In order to have standing to appeal from a decision of CT Page 3310 an inland wetlands agency the appellant must prove aggrievement or ownership or occupation of land which abuts any portion of the land or is within a radius of 90 feet of the wetland or watercourse involved in the order, decision or action of the inland wetlands agency. Section 22a-43 (a) C.G.S. Four of the five plaintiffs testified and deeds to their properties introduced at the trial proved ownership of land in the general vicinity of the property involved in the application. However, none of the plaintiffs' properties abut or are within a radius of 90 feet of the subject property. Neil Hathaway owns land at 675 Orange Center Road which is 240 feet from the subject property. Timothy and Susan Riordan own land at 675 Ridge Road, 450 feet from the subject property on Old Grassy Hill Road. Louis Savenelli lives on the same road, but his property is 275 feet away, and Eleanor White owns land 575 feet from the subject property. Since none of the plaintiffs have proven statutory aggrievement, at least one plaintiff must prove classical aggrievement in order to maintain the appeal. Nowicki v. Planning and Zoning Board, 148 Conn. 492, 495.
Unless plaintiffs own land abutting or within the separation distances in the appeal statute, mere proximity to land involved in the Agency's decision does not prove classical aggrievement, and an appellant has to meet the two part aggrievement test. Olsen v. Inland Wetlands Commission,6 Conn. App. 715, 718; Walls v. Planning and Zoning Commission, 176 Conn. 475, 476; Hughes v. Town Planning and Zoning Commission, 156 Conn. 505, 508; Vose v. Planning and Zoning Commission, 171 Conn. 480, 484.
Proof of classical aggrievement requires compliance with a two part test: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest, such as is the concern of all members of the community as a whole; second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injurious affected by the decision. Walls v. Planning and Zoning Commission, supra, 478; Olsen v. Inland Wetlands Commission, supra, 718; Sheridan v. Planning and Zoning Board, 159 Conn. 1, 10; Schwartz v. Town Plan and Zoning Commission, 168 Conn. 20, 25; Mystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 493. The fact that the plaintiffs appeared before the defendant Commission does not prove aggrievement for purposes of an appeal in the Superior Court. Olsen v. Inland Wetlands Commission, supra, 718; Bakelaar v. West Haven, 193 Conn. 59, 66. Aggrievement is a question of fact and the plaintiff has the burden of proving CT Page 3311 that fact. Olsen v. Inland Wetlands Commission, supra, 718; Hartford Distributors, Inc. v. Liquor Control Commission,177 Conn. 616, 622. Aggrievement is established if there is a possibility as distinguished from a certainty, that some legally protected interest has been adversely affected. Hall v. Planning Commission, 181 Conn. 442, 445; Huck v. Inland Wetlands Watercourses Agency, 203 Conn. 525, 530; Glendinning v. Conservation Commission, 12 Conn. App. 47, 53. However, mere generalizations and fears of the effects of the Agency's decision do not establish aggrievement. Walls v. Planning and Zoning Commission, supra, 478; Mystic Marinelife Aquarium, Inc. v. Gill, supra, 497; Sheridan v. Planning Board, supra, 14; Hughes v. Town Planning and Zoning Commission, supra, 508.
Evidence at the trial amounted to nothing more than this. Aside from the fact that the plaintiffs live in the general vicinity of the subject property and have trespassed on it occasionally, it is questionable whether they have an interest in the subject matter of the decision different from other property owners in the area of Old Grassy Hill Road. Even if they do, they have not met their burden of proof that there is a realistic possibility that development of the subject property in accordance with the inland wetlands permit approved by the Commission would specially and injuriously affect the plaintiffs or their property rights. There was evidence of occasional flooding on the Riordan property from a stream that flows across it, and that the high water table in the area may have some effect on the leaching fields or septic systems on properties of some of the plaintiffs. There is no evidence however that improvements on the subject property would increase the drainage problems on the plaintiffs' properties. In fact evidence in the record from the public hearing shows that the grading and related improvements would actually reduce runoff. A two and one half foot high earth berm and a temporary storm water impoundment area is proposed.
Maps in the record do not show the brook crossing the subject property, and in fact show a relocated brook on adjacent land. There is no reliable engineering testimony that drainage, water runoff or other conditions on the subject property would affect the properties of any of the plaintiffs. There was also no evidence showing depreciation of their property values if construction proceeds in accordance with the regulated activities permit issued by the Commission. The situation here is similar to Walls v. Planning and Zoning Commission, supra, where there were unsubstantiated fears and mere generalizations that a drainage system in a proposed subdivision might affect the CT Page 3312 property of nearby plaintiffs. None of the plaintiffs have proven aggrievement and they are not entitled to review of the merits of their appeal.
The appeal is dismissed.
Robert A. Fuller, Judge