[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff appellants have appealed from the action of the Derby Zoning Board of Appeals in granting a variance to the defendant Luciana Fabiano for property owned by her and located at 283-285 Elizabeth Street in the Town of Derby.
The plaintiffs Edwin T. Duggan and Linda Wohlking are abutting property owners and are found by the court to be aggrieved parties.
Among the issues raised by the plaintiffs are that of a defective notice of the public hearing alleging that the Board failed to publish the notice of hearing at the correct statutory intervals also that the publication of their notice of decision granting the variance was published after or beyond the date required by statute.
The parties have stipulated to the following facts relating to the publication of notice of hearing and notice CT Page 5104 of decision. They stipulate that the hearing was held on October 19, 1989 and that the first notice of hearing was published in the Sentinel on October 9, 1989 while the second notice was published on October 17, 1989. The notice of decision was published in the Sentinel on November 4, 1989.
Section 8-7 of the Connecticut General Statutes as it relates to the question of notice reads as follows:
 ". . . Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such community at least twice at intervals of not less that two days, the first not more than ten days, and the last not less than two days before such hearing.
. . . .
 . . . . Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality. . . within fifteen days after such decision has been rendered. . . . .".
Our Supreme Court in the case of Treat v. Town Planning Zoning Commission, 145 Conn. 136, 139 stated:
 "When so many days `at least' are given to do an act, or `not less than' so many days must intervene, both the terminal dates are excluded. Austin Nichols Co. v. Gilman, 100 Conn. 81, 85, 128 A. 32. . . . ."
In computing the necessary days and taking into consideration the fact that both terminal days must be excluded the necessary ten days between publication of the first notice and the date of the hearing have not elapsed. Compliance with the statutory procedure is a prerequisite to any valid and effective variance being granted.
This was emphasized in Lunt v. Zoning Board of Appeals,150 Conn. 532, 536. In Cocivi v. Plan and Zoning Commission,20 Conn. App. 705, 707 the Appellate Court said:
 "Our Courts have consistently refused to consider the adequacy of public notice to be a merely procedural matter and have unwaveringly treated failure to give proper notice as a jurisdictional defect. Wright v. Zoning Board, 174 Conn. 488, 491, 391 A.2d 146 (1978); Jarvis Acres Inc. v. Zoning CT Page 5105 Commission, 163 Conn. 41, 44, 301 A.2d 244
(1972); Hartford Electric Light Co. v. Water Resources Commission, 162 Conn. 89, 109, 291 A.2d 721 (1971)."
"Without the proper public notice zoning authority actions are null and void". id. (citation omitted). As far as the publication of the Notice of Decision is concerned Section 8-7 of the Connecticut General Statutes required publication "within" fifteen days after such decision has been rendered.
In Royce v. Freedom of Information Commission, 177 Conn. 584,586 the Supreme Court defines "within" as meaning the following:
 "The meaning of `within' is not longer in time than "Webster's New International Dictionary (2d ed); "Not less than" 69 C.J. 1315; 45 Words and Phrases (Perm Ed.) p. 378; The word `within' is almost universally used as a word of limitation unless there are other controlling words in the context showing that a different meaning was intended." (citations omitted).
Based on the above it appears that the notice was published beyond the fifteen day period and while in and of itself one might conclude the notice of publication is therefore defective one must consider the further language in the statute which creates a remedy for any late publication.
 "In any case in which such notice is not published within such fifteen day period the person who requested or applied for such special exception or variance, or took such appeal may provide for the publication of such notice within ten days" 8-7 Connecticut General Statutes.
Since the notice was published within the ten days albeit by the Zoning Board of Appeals the court is of the opinion that the notice of decision complied with the statute.
While the appellant raises many issues in their brief relating to the need of several other variances in order to carry out the petitioner's objectives, the issue before the court is whether there was in fact any hardship upon which a basis can be found for the granting of the specific variance requested in its application. CT Page 5106
As it relates to the granting of variances Section 8-6
(3) sets forth the powers and duties of such boards of appeal as follows:
 "The zoning board of appeals have the following powers and duties; . . . .(3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for preserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed."
Thus,
 "A local zoning board has the power to grant a variance General Statutes Section 8-6
(3) where two basic conditions are satisfied: `(1) the variance must be shown not to affect substantially the comprehensive plan, and (2) adherence to the strict letter of the zoning ordinance must be shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan". Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 655; Smith v. Zoning Board of Appeals, 174 Conn. 323, 326, 387 A.2d 542 (1978).
In the petitioner's application to the board she states the specific hardship to be:
 "Hardship is that we asked for a four family unit and were turned down and now asking 11' front yard variance to build a two family house". See Second Supplemental Return of Record item (1).
The hardship in question does not originate in the CT Page 5107 zoning ordinance nor does it arise directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved.
The court finds that the board has acted illegally in so far as the notice of the hearing is concerned thus making any action on their part null and void and it further finds the fact that the hardship alleged is purely personal or economic in nature thus making the granting of the variance an action that is deemed to be arbitrary and capricious and in abuse of its discretion.
The court enters judgment for the appellant and declares the variance to be void.
THE COURT by CURRAN, J.