[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Remanded to North Haven ZBA for further proceedings.
R.A. Robinson, J.
 Background
CT Page 16552
This is an administrative appeal by FRD Associates (hereinafter "FRD") from a decision of the Zoning Board of Appeals of the town of North Haven (hereinafter the "ZBA"), approving a set back variance on property owned by MLPI, L.L.C (hereinafter MLPI).
MLPI is the owner of property known as 369 Washington Avenue, North Haven, Connecticut, the property that is the subject of this appeal and has been made a party defendant to this action pursuant to § 8-8 (f) C.G.S.
FRD is a Connecticut limited liability company and is the owner of its place of business at 375 Washington Avenue, North Haven, Connecticut. FRD's property abuts the property that is the subject of this appeal.
The ZBA is the authority and administrative agency designated by the Zoning Regulations of the town of North Haven to receive and act upon applications for variances in the town of North Haven and acts as a zoning board of appeals pursuant to Chapter 124 of the Connecticut General Statutes.
The subject property is a developed lot of approximately twenty seven thousand four hundred sixty three (27,463) square feet. It is located entirely within an Industrial District (IL-30 District, Light Industry) under the Zoning Regulations of the town of North Haven.
Section 6.2 of the Zoning Regulations provides that the minimum lot width in the IL-30 District is one hundred (100) feet.
 Aggrievement
In order for this Court to proceed with the issues presented by the parties it must first make the threshold determination as to whether the appellant is aggrieved.
 To appeal an administrative decision, the plaintiff must be aggrieved by the decision. See Bakelaar v. West Haven, 193 Conn. 59, 65, 475 A.2d 283 (1984). "In the case of a decision by a zoning commission . . . `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a)(1).
 Northeast Parking v. P. Z. Com. of Windsor Locks, 47 Conn. App. 284,287 (1997). CT Page 16553
Section 8-8 (a) of the Connecticut General Statutes concerns appeals from zoning boards to the Superior Court. This section provides that:
(a) As used in this section:
 (1) "Aggrieved person" means a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, "aggrieved person" includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board.
(emphasis added)
FRD has met its burden of proof to show that it is an abutting owner to the land that involved the decision of the board and therefore it is aggrieved.
 Timeliness of the Appeal and Service
Section 8-8 (b) of the Connecticut General Statutes provides that an appeal from a decision of a municipal zoning commission must be commenced within fifteen (15) days of the date that notice of the commission's decision is published. The Notice of Decision in the instant action is dated November 20, 2000. It was published in the New Haven Register on November 23, 2000. The sheriff's return indicates that service was made on the Town Clerk on December 1, 2000; and the Chairman of the Zoning Board of Appeals of the Town of North Haven on December 4, 2000; and the defendant, MLPI on December 4, 2000. The filing of the appeal in this matter was within the within the statutory time period.
 Discussion
MLPI filed an application with the Zoning Board of Appeals for the town of North Haven seeking a variance of Section 3.6 of the Zoning Regulations. This section provides that:
 Nothing in these regulations shall prohibit the projection of not more than 1 foot into a required open space of pilasters, columns, belt courses, CT Page 16554 sills, cornices or other similar architectural features, nor the planting or landscaping of such open spaces except as provided in Paragraph 3.7 hereof.
MLPI stated that the reason for the requested variance was that it was "Seeking a 5 foot overhang where 1 foot is permitted."
 A zoning board of appeals derives its authority to grant variances from General Statutes 8-6 (3), which provides in pertinent part that the board may grant variances "with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured." It is axiomatic that a variance is granted with respect to a particular piece of property; see Garbaldi v. Zoning Board of Appeals, 163 Conn. 235, 239, 303 A.2d 743 (1972); and that the hardship peculiar to a particular piece of property must arise "from a condition different in kind from that generally affecting properties in the same zoning district and must be imposed by conditions outside the property owner's control." (Citations omitted.) Stillman v. Zoning Board of Appeals, 25 Conn. App. 631, 636, 596 A.2d 1 (1991);
 Haines v. Zoning Board of Appeals, 26 Conn. App. 187, 190 (1991).
There is a section on the ZBA's application that requires the applicant give a "statement of the hardship that results in the request for a variance". In the instant action, MLPI responded to this request as follows:
 The property is a very narrow commercial strip making it very difficult to place a building on the property due to the angled side yard.
After completing the hearing, the ZBA determined that "[t]he unique shape and size of the lot created the hardship" and granted the relief requested by the applicant.
 "[w]here a zoning [commission] has stated its reasons for its actions, the court should determine CT Page 16555 only whether the assigned grounds are reasonably supported by the record and whether they are pertinent to the considerations which the authority was required to apply under the zoning regulations."
 Christian Activities Council, Cong. v. Town Council, 249 Conn. 566,584 (1999).
The record discloses that the ZBA, MLPI and FRD discussed the shape and size of the subject lot at the hearing. Page eleven (11) of the November 16, 2000, ZBA's Minutes of the Hearing on this matter references a discussion that is found on page two (2) of the official transcript of the proceedings (Return of Record Booklet). This discussion concerns the size and shape of the subject lot:
 MR. GAMBARDELLA: . . . Essentially what happened here is we have a five-foot overhang on the side of the building. The building itself is in complete conformity with the all the Zoning Regulations, with the exception of the overhang.
 Your Zoning Regulation 3.6 allows for a one-foot projection from the roof overhang or other ornamental items, which might be attached or fixed to a building. This roof overhang goes from somewhere between two inches to four feet into — it encroaches into the side yard of the building.
 Just as a matter of history with this particular building, in May of 1988, the former owner, Mr. DePaola, received a variance for the side yard, reducing the requirement from twenty feet to ten feet. The Board at that time found the hardship to be the unusual shape of the parcel . . .
There was some discussion during both the hearing and the administrative and trial Court concerning the significance of the variance that was previously granted by the ZBA. A letter dated May 17, 1988, was sent by the ZBA to the previous owner of the subject property notifying him of a procedural defect in the variance that was previously granted. An attachment to the letter indicates that the ZBA may not have had subject matter jurisdiction to grant said variance. This raises significant issues concerning the redress that the applicant seeks, specifically concerning the issue of even if the applicant is granted the relief that it seeks the subject property may be in violation of § 6.2 of the zoning regulations concerning general setback requirements. CT Page 16556
In the Return of Record there is a section entitled "1988 Application letter and notice sheet." Included in this section is a letter from the town of North Haven to Mr. DePaola. The letter is dated May 17, 1988. The letter provides that it is in reference to: #88-30 Application of Michael J. DePaola relative to 369 Washington Avenue to seek a variance from the provisions of Sec. 6.2. to allow a sideyard of 10' where 20' is required for proposed building. Seeking a 10' variance. IL-30 Zone. It provides in pertinent part that:
 Please be advised that the point of order raised at the meeting was referred to Town Attorney Robert Ciulla. After reviewing the issue and court cases, it has been determined that the first publication date could not be counted as part of the ten days required by Statute. Therefore, our variance decision could be attacked. If you prefer, you may resubmit your application for a new hearing. (emphasis added)
The statute that the letter makes reference to is § 8-7 of the Connecticut General Statutes. This statute concerns the filing requirements for appeals to a zoning board of appeals. It provides in pertinent part that:
. . . An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof. The officer from whom the appeal has been taken shall forthwith transmit to said board all the papers constituting the record upon which the action appealed from was taken. An appeal shall not stay any such order, requirement or decision which prohibits further construction or expansion of a use in violation of such zoning regulations except to such extent that the board grants a stay thereof . . . Such board shall, within the period of time permitted under section 8-7d, hear such appeal and give due notice thereof to the parties. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipalityCT Page 16557 at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. In addition to such notice, such board may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing. (emphasis added)
Violations of the notice provisions of the statute implicates the ZBA's subject matter jurisdiction. DiCamillo v. Clomiro, 174 Conn. 351
(1978); Lunt v. Zoning Board of Appeals, 150 Conn. 532 (1963).
 "It is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time." Lewis v. Gaming Policy Board, 224 Conn. 693, 698, 620 A.2d 780 (1993).
 Williams v. Comm. on Human Rights Opportunities, 257 Conn. 258,290 (2001).
The record indicates that the ZBA may not have had subject matter jurisdiction to grant the application for the 1988 variance. This raises a question as to whether the instant application concerning the subject structure was ripe for ZBA review and whether the ZBA had a justiciable issue before it. This issue implicates the ZBA's subject matter jurisdiction in the instant action and accordingly creates a ripeness or justiciability issue for this Court.
The record indicates that even if the MLPI is granted the relief that it seeks, it will not receive any practical relief for reason that it will still be in violation of the town's zoning regulations.
 "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used as a vehicle to obtain judicial opinions on points of law. Harkins v. Driscoll, 165 Conn. 407, 409, 334 A.2d 901 (1973) . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) thatCT Page 16558 the determination of the controversy will result in practical relief to the complainant. (Citations omitted.) State v. Nardini, 187 Conn. 109, 111-12, 445 A.2d 304 (1982)." (emphasis added)
 American Premier U/W., Inc. v. N. RR. Pass. Corp., 47 Conn. App. 384,388 (1997).
 "In the absence of a justiciable controversy, the courts have no jurisdiction." Kleinman v. Marshall, 192 Conn. 479, 484, 472 A.2d 772 (1984).
 Sosin v. Scinto, 57 Conn. App. 581, 586 (2000).
The issue concerning the problem with the status of the previous variance was discussed in great detail by the ZBA during its deliberations:
 ZBA member 1: "Well this is an interesting chip that was thrown into this questioning whether or not the previous variances were even appropriately notified and (inaudible) . . . I meant to ask and I apologize (inaudible) I was wondering whether or not we could go back, is there a statute of limitation on something like this or . . .
 ZBA member 2: I still say that I'm not sure that the issue is one that matters for our purposes, because what this applicant has asked for is four feet. So if the applicant is wrong, just like we've said with other people, that if he really needs fourteen feet that's an enforcement issue. All we can do is look at what the applicant has actually asked us to do. So I don't see . . . I don't see where that argument holds. . . .
(Supplemental Return of Record Booklet, Exhibit "E" Tape of Deliberations)
 ZBA member 2: . . . This has been a really interesting evening of people having things designed and built that, that well shouldn't happen without coming in front of us ahead of time. This is not a comfortable way to deal with things actually. I don't want to tell homeowners, look you can't live in your house, you've got to go rebuild (inaudible) you know, CT Page 16559 if there's . . . I think there's still evidence of a hardship and I would be in favor of granting the variance.
 ZBA member 3: Jim I had just one question, would it be appropriate to do that since information has come forward that there is something a little awry here.
(Supplemental Return of Record Booklet, Exhibit "E" Tape of Deliberations)
While this issue was discussed both during the hearing and during the deliberations of the ZBA (Supplemental Return of Record Booklet, Exhibit "E" Tape of Deliberations), it has not been resolved. The requested relief was for a variance of § 3.6 to permit a five foot overhang where a one foot is permitted, but the record indicates that this may not bring the property into compliance with the town's zoning regulations.
There is an outstanding issue as to whether the ZBA had subject matter jurisdiction to grant the setback variance in 1988, and therefore whether there is also an issue as to whether the MLPI application for a variance of § 3.6 of the zoning regulations was properly before it. This bears directly upon the issue of whether or not this Court has a ripe or justiciable issue before it. Because ripeness and justiciability implicate the Court's subject matter jurisdiction, this issue concerning the previous variance must be resolved before the Court may continue.
 It is axiomatic that if the court lacks subject matter jurisdiction, it is without power to hear the matter before it. Therefore, the court must determine the jurisdictional issue "before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction."
 Pinchbeck v. Dept. of Public Health, 65 Conn. App. 201, 208 (2001).
The appeal is remanded to the ZBA for further proceedings to address the issues raised in this decision. The Court will retain jurisdiction.
Richard A. Robinson, J.