ALAN J. KOEPKE *v.* ZONING BOARD OF APPEALS
OF COVENTRY ET AL.
(14405)

PETERS, C. J., CALLAHAN, GLASS, BORDEN and BERDON, Js.

172

Argued June 5—decision released July 28, 1992

*Mark K. Branse,* with whom, on the brief, was *Matthew J. Willis,* for the appellant (defendant Susan Oygard).

*Duncan J. Forsyth,* with whom was *Ronald P. Sherlock,* for the appellee (plaintiff).

PETERS, C. J. The principal issue in this case is the formulation of a proper remand when a zoning board of appeals, without having published a proper public notice, conducts a hearing and renders a decision on an appeal from an order of a zoning enforcement officer. The plaintiff, Alan J. Koepke, filed an administra-

tive appeal to challenge a decision of the defendant zoning board of appeals of Coventry (board) invalidating, at the instance of the defendant Susan Oygard (defendant), a zoning permit previously granted to the plaintiff. The trial court sustained the plaintiff's appeal on the grounds of the defendant's delay in appealing to the board and the board's failure to publish an adequate notice of its hearing, and the Appellate Court affirmed the judgment of the trial court on the latter ground. *Koepke* v. *Zoning Board of Appeals,* 25 Conn. App. 611, 595 A.2d 935 (1991). We granted the defendant's petition for certification to appeal[1] and reverse in part.

The relevant facts are fully reported in the opinion of the Appellate Court. Id., 612–15. For present purposes, we note only the following. After several weeks' consultation with Robert Isner, then the Coventry zoning agent, the plaintiff presented an application for a zoning permit, accompanied by a plot plan, in order to erect a 150 foot radio antenna on his property that would serve a public safety communications network. The plaintiff was granted a zoning permit on July 11, 1986. Responding to Isner's subsequent concern about the manner in which the antenna tower would be attached to a building on the property, the plaintiff, on August 7, 1986, filed a new application with a revised plot plan and received a new zoning permit. The August permit bore the same number as the July permit and was issued without the payment of a new permit fee.

[1] This court granted certification for appeal limited to the following issues: "(1) Did the Appellate Court correctly hold that the contents of the public hearing notice published by the board was so inadequate as to deprive it of jurisdiction? (2) Should the Appellate Court, after concluding that the Coventry board of appeals lacked jurisdiction of the [defendant's] appeal from the granting of a permit by the zoning enforcement officer because the hearing notice was defective, have ordered that the board conduct a new hearing on the [defendant's] appeal after giving proper notice thereof?" *Koepke* v. *Zoning Board of Appeals,* 220 Conn. 931, 931–32, 599 A.2d 382 (1991).

On August 12, 1986, the defendant filed an appeal to the board in which she challenged the validity of the August 7, 1986 permit, principally on the ground that an antenna tower was not a permitted use of the plaintiff's property under the Coventry zoning regulations.[2] The board sustained her appeal by a vote of four to one,[3] and revoked the plaintiff's permit. Upon receipt of a stop work order, the plaintiff appealed to the trial court, which concluded that the board had no jurisdiction to consider the defendant's appeal because she had not filed it in timely fashion and because the board had failed to give proper public notice of its hearing on her appeal. The defendant then appealed to the Appellate Court, which affirmed the judgment of the trial court on the issue of lack of public notice without reaching the issue of the timeliness of the defendant's appeal to the board. We granted certification to consider the merits of the issue of the adequacy of the public notice and the remedial consequences that should follow from its alleged inadequacy.

I

The principles that govern the statutory requirements for public notice of zoning board hearings are

[2] The defendant's application to the board stated the following grounds for her appeal:

"(1) Approval by Mr. Isner of a 150 ft antenna across the street from our property will adversely affect our property value.

"(2) A 150 ft antenna does not belong in an Ru-40 zone. Height exemptions under 6.6 do not apply. See Carole Halloran et al vs. Coventry ZBA."

[3] General Statutes § 8-7 provides in relevant part: "The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations . . . . An appeal may be taken to the zoning board of appeals by any person aggrieved or by any officer, department, board or bureau of any municipality aggrieved and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days . . . . Such board shall, within the period of time permitted under section 8-7d, hear such appeal [i.e., such hearing shall commence within sixty-five days after receipt of the appeal] . . . ."

well established. "This court has distinguished between statutorily required published notice to the general public and statutorily required personal notice to specific individuals. We have long held that failure to give newspaper notice is a subject matter jurisdictional defect; see *Jarvis Acres, Inc.* v. *Zoning Commission,* 163 Conn. 41, 44, 301 A.2d 244 (1972); *Hartford Electric Light Co.* v. *Water Resources Commission,* 162 Conn. 89, 109, 291 A.2d 721 (1971); *Smith* v. *F. W. Woolworth Co.,* 142 Conn. 88, 94, 111 A.2d 552 (1955); and that '[s]ubject matter jurisdiction cannot be waived or conferred by consent.' *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 424, 559 A.2d 1103 (1989)." *Lauer* v. *Zoning Commission,* 220 Conn. 455, 461–62, 600 A.2d 310 (1991). " 'The fundamental reason for the requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought.' *Slagle* v. *Zoning Board of Appeals,* 144 Conn. 690, 693, 137 A.2d 542 [1957]; *Winslow* v. *Zoning Board,* 143 Conn. 381, 389, 122 A.2d 789 [1956]." *Schwartz* v. *Hamden,* 168 Conn. 8, 14, 357 A.2d 488 (1975). Noncompliance with the statutory requirement of public notice invalidates the subsequent action by the zoning board "even when the [affected] party appeared at the public hearing since the legislative intent to notify the public constructively would otherwise be frustrated." Id., 15; see also *Lunt* v. *Zoning Board of Appeals,* 150 Conn. 532, 536–37, 191 A.2d 553 (1963); *Slagle* v. *Zoning Board of Appeals,* supra.

In the present case, the board published the following timely legal notice in a local newspaper: "The Coventry Zoning Board of Appeals will hold a public hearing on Tuesday, September 16, 1986, at 7:30 p.m. in the Board Room of the Town Hall to hear the following cases: . . . 3. Application of Norvald & Susan Oygard, seeking an appeal of the Zoning Agents decision to issue a permit under sec. 6.6 (sec. 13.1.1). . . .

At this hearing, interested persons may be heard and written communications received prior to the close of the hearing. Dated at Coventry, Connecticut, this 3rd day of September, 1986. Brian Heath, Secretary 9/5/12." Both the Appellate Court and the trial court have cogently observed that the published notice is remarkable for the information that it does *not* contain. It does not identify: (1) the subject matter of the appeal; (2) the location of the property at issue; (3) the owner of the property; or (4) the proposed use of the property. As the trial court stated: "A member of the public reading the newspaper notice would have no way of knowing, and no reason even to suspect that the plaintiff's property, the erection of a radio antenna, and public safety communication networks were in any way affected by the appeal of Susan Oygard."

The first issue before us is whether the contents of this prehearing notice complied with the requirement of General Statutes § 8-7 that "[n]otice of the time and place of [a public hearing of a zoning board of appeals] shall be published in a newspaper . . . before such hearing."[4] We concur in the conclusion of the Appellate Court that the published notice provided legally insufficient advice to other property owners in Coventry about the defendant's challenge to the validity of the plaintiff's zoning permit and thereby impaired the public's statutory right to participate in the public hearing on this subject.

Because the notice of a public hearing is designed to safeguard the public's opportunity to participate, the plaintiff's voluntary participation in the hearing held by the board neither cured the jurisdictional defect;

---

[4] General Statutes § 8-7 provides in relevant part: "Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing."

*Schwartz* v. *Hamden,* supra, 15; nor estopped him from raising it after the adverse board decision. *Slagle* v. *Zoning Board of Appeals,* supra, 693. Without subject matter jurisdiction, the board could not legally revoke the plaintiff's permit because the board's public hearing and the decision predicated thereon are void. T. Tondro, Connecticut Land Use Regulation (1979) pp. 173–74.

## II

The issue that remains to be considered concerns the consequences that flow from a zoning board's invalid hearing and subsequent ruling on an appeal from a decision of a zoning enforcement officer. The parties have argued for the following possibilities: (1) because the board's action was a nullity, the board in effect failed to act and such failure amounts to an automatic approval of the defendant's application to vacate the plaintiff's permit; (2) because the board's action was a nullity, the board in effect failed to act and such failure amounts to a denial of the defendant's application to vacate the plaintiff's permit; and (3) even if the board's action was a nullity, the board's default does not nullify the defendant's application, if that application was timely, and thus her application should be reconsidered at a properly noticed public hearing.

We conclude that the third of these alternatives furnishes the proper guidance for our decision here. The trial court resolved this issue regarding the subsequent consequences of the appeal by its separate finding that the defendant's appeal to the board was untimely. If that finding was correct, and if an untimely filing voids an appeal, then the court's judgment sustaining the plaintiff's appeal necessarily reinstated the plaintiff's permit. Although the defendant challenged the propriety of the determination of untimeliness in her appeal to the Appellate Court, that court concluded that its

resolution of the notice issue was "dispositive of [her] appeal." *Koepke* v. *Zoning Board of Appeals,* supra, 615. We disagree.

The timeliness of the defendant's appeal to the board has significant implications for the board's jurisdiction to entertain her appeal. If her appeal did not comply with the thirty day provision of § 8-7, lateness may have deprived the board of subject matter jurisdiction to consider the merits of her appeal. Compare *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 503–506, 503 A.2d 1161 (1986), and *Royce* v. *Freedom of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979), with *Trinkley* v. *Ella Grasso Regional Center,* 220 Conn. 739, 744–45, 601 A.2d 515 (1992), and *Donohue* v. *Zoning Board of Appeals,* 155 Conn. 550, 554, 235 A.2d 643 (1967). The case must be remanded to the Appellate Court for its plenary consideration of this issue.

If the Appellate Court concludes that the board had jurisdiction to hear the defendant's appeal, it should reverse the judgment of the trial court and remand the case to that court with direction to remand the case for further proceedings before the board to determine the merits of the appeal, after providing adequate public notice. While the board's failure to give proper notice of its public hearing nullified its subsequent actions, that default had no further automatic consequences. Even if a failure to give proper notice were deemed the equivalent of a failure to take timely action within the time constraints of § 8-7,[5] that statute, contrary to General Statutes §§ 8-3 (g)[6]

---

[5] See footnote 3, supra.

[6] General Statutes § 8-3 (g), governing zoning commission certification of occupancy site plans, provides in relevant part: "Approval of a [requested] site plan [by the zoning commission] shall be presumed unless a decision to deny or modify it is rendered within the period specified in section 8-7d [i.e., such decision shall be rendered within sixty-five days after the site

or 8-26,[7] does not make inaction tantamount to approval either of the challenged zoning permit or of the challenged appeal. "The statute contains nothing which expressly invalidates a belated decision or which inferentially makes compliance [with time constraints for board decisions] a condition precedent." *Donohue* v. *Zoning Board of Appeals,* supra, 554.

On the assumption that the board initially had jurisdiction to hear the defendant's appeal, sound public policy requires a remand to the board to enable it to complete its proceedings in proper fashion. As in *Caserta* v. *Zoning Board of Appeals,* 219 Conn. 352, 362, 593 A.2d 118 (1991), it would be inappropriate to permit the plaintiff to retain his zoning permit, if the defendant is right on the merits, solely because of the board's improper public notice. The board's default was no more attributable to the defendant than it was to the plaintiff. Either party could have called this default to the board's attention at the time of the public hearing. The rationality of land use planning procedures is

plan has been filed]. A certificate of approval of any plan for which the period for approval has expired and on which no action has been taken shall be sent to the applicant within fifteen days of the date on which the period for approval has expired."

[7] General Statutes § 8-26, governing municipal planning commission approval of subdivision and resubdivision plans, provides in relevant part: "All plans for subdivisions and resubdivisions . . . shall be submitted to the [municipal planning] commission with an application in the form prescribed by it. . . . The commission shall approve, modify and approve, or disapprove any subdivision or resubdivision application . . . within the period of time permitted under section 8-26d [i.e., such action shall be performed within sixty-five days after receipt of such application]. . . . The failure of the commission to act thereon shall be considered as an approval, and a certificate to that effect shall be issued by the commission on demand." We express no opinion about the effect of a defective prehearing notice on a hearing conducted under this section. That issue is squarely presented by *Koskoff* v. *Planning & Zoning Commission,* 27 Conn. App. 443, 607 A.2d 1146 (1992), in which this court has recently granted certification to appeal. *Koskoff* v. *Planning & Zoning Commission,* 222 Conn. 912, 608 A.2d 695 (1992).

strengthened by the disposition of zoning appeals on their merits. Id.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.