[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, William Donaldson, appeals a decision of the defendant, the Zoning Board of Appeals ("Board") of the town of Madison, denying his application for a variance to build a garage on his lot at 69 Taylor Avenue in Madison. Pursuant to 8-2 of the General Statutes and the Madison Zoning Regulations, the Board is authorized to grant variances or special permits upon a proper showing by an applicant. The plaintiff appeals the Board's decision to the superior court pursuant 8-8 of the General Statutes.
On November 10, 1992, the Board voted to deny the plaintiff's application for a variance, finding that the plaintiff failed to show hardship as required by Connecticut law. (Return of Record (ROR), Exhibit 6.) The Board mailed a certified letter to the plaintiff apprising him of its decision on November 13, 1992 However, the return of record shows that the plaintiff did not receive that letter. (ROR, Item 4.) The Board also placed a notice of its decision in the Shore Line Times newspaper on November 18, 1992. (ROR, Item 3.) The plaintiff filed his appeal with the clerk of the superior court on November 30, 1992 (summons and served the Board on December 2, 1992, by leaving the appeal papers with the assistant town clerk at the office of the town CT Page 9934 clerk. (Sheriff's return.)
On October 19, 1992, the plaintiff submitted an application to the Board on which he checked off a box indicating that he requested a variance in order to build a garage on his property (ROR, Item 4(e).) The garage would increase his lot coverage from 19% to 24% and would be located two feet from his rear property line and three feet from his side-property line. (ROR, Item 4(e). In his application, the plaintiff also cited the various sections of the Madison zoning regulations upon which he based his application, none of which applied to variances. (ROR, Item 4(e). On November 4, 1992, notice of a public hearing at which the Board would consider the plaintiff's application appeared in the Shore Line Times. (ROR, Item 3.) In addition to designating the application as one for a variance, the notice listed the zoning regulations under which the plaintiff applied. (ROR, Item 3.) November 10, 1992, at a public hearing before the Board, the plaintiff's application was discussed. (ROR, Item 1.)
At the hearing, two arguments were presented to support the plaintiff's application. First, an individual representing the plaintiff in a nonlegal capacity argued that 2.11 of the Madison Zoning Regulations, which appears to allow construction of permitted buildings on certain undersized lots upon Board approval creates a hardship by not providing guidance as to what the Board will or will not approve. (ROR, Item 1, pp. 4-6.) When the plaintiff himself spoke at the hearing, however, he advanced a different argument and admitted to the Board that he could not show sufficient hardship to qualify for a variance. (ROR Item 1, pp. 47, 49.) The plaintiff stated that he checked off "variance" on the application, following the instructions of the Town Land Use Assistant who apparently reasoned that such option was most similar to the plaintiff's actual request calling for Board action under 13.3.2 (ROR, Item 1, pp. 49-50). The plaintiff argued at the hearing that, pursuant to 2.11 and 13.3.2 of the Madison Zoning Regulations, the Board was authorized to permit him to build the garage without showing hardship and obtaining a variance. (ROR, Item 1, pp. 47-50.) The plaintiff further claimed that a garage was a permitted use and that his lot otherwise fell within the parameters of 2.11. (ROR, Item 1, p. 47.)
After the public hearing, the Board, treating the application as one for a variance, voted to deny it because the plaintiff failed to show hardship. (ROR, Item 6, p. 5.) The record of the deliberative process shows that the members of the board did not CT Page 9935 consider whether or not they are empowered to act pursuant to the sections cited by the plaintiff:
 COMMISSION MEMBER: They can only appeal what we do here today. . . .
 COMMISSION MEMBER: If we deny it, then they can appeal it, but — and then his argument would be, well, we have new grounds that these people refused to consider —
 COMMISSION MEMBER: — [two] one, one, and then could have a 2.11. But I don't think anyone would file — I don't [think] the hardship question would come before the Court, and it would be only new argument. That's my guess.
(Emphasis added.) (ROR, Exhibit 6, pp. 4-5.)
The plaintiff challenges the decision on the following grounds: that the Board acted illegally, arbitrarily and in abuse of its discretion in that its decision is contrary to and unsupported by both the Zoning Regulations of Madison and Connecticut law; that the decision is contrary to and unsupported by the evidence presented at the public hearing; that the evidence presented at the hearing does not support reasons the Board gave for its decision; and that the reasons given by the Board "are not proper or pertinent to the considerations" the board should considered. (Plaintiff's Brief, p. 2.)
In response, the Board argues that 2.11 was enacted to ensure that landowners whose lots were wholly unimproved at the time the town implemented comprehensive zoning regulations would be able to build despite the zoning regulations. (Defendant's Brief, p. 2.) Since the plaintiff's house was already built on the lot question at the time the regulations were implemented, the claims that such lot is not protected by 2.11. (Defendant's Brief, p. 2.)
Aggrievement is a jurisdictional question that must be addressed even if the parties do not raise it. Winchester Woods CT Page 9936 Association v. Planning and Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). To be aggrieved, the plaintiff must show specific personal and legal interest in the subject matter of the decision and that interest must be specifically and injuriously affected by the Board's decision. Id. An owner of the subject property is aggrieved and has standing to bring an appeal. Id., 309. In his appeal, the plaintiff alleges that he owns property at 69 Taylor Avenue. (Plaintiff's Appeal, para. 6.) In the Return of Record is a copy of the Madison Tax Assessor's for 69 Taylor Avenue, dated January 15, 1992, which reflects the plaintiff is the owner of the subject property. (ROR, Item 4(g).) Accordingly, this court finds that the plaintiff is aggrieved.
Pursuant to 8-8 of the General Statutes, a party appealing a decision of the Board must do so by commencing service of process within 15 days from the date that notice of the Board's decision was published. Plaintiff commenced this action by service of process on the town clerk on December 2, 1992, fourteen days after notice of the Board's decision appeared in the Shore Line Times. (Sheriff's return; ROR, Item 3.) Therefore, this court finds the appeal was timely filed.
"Where a zoning authority has stated the reasons for its action, a reviewing court may only determine if the reasons given are supported by the record and are pertinent to the decision." Torsiello v. Zoning Board of Appeals, 3 Conn. App. 47, 50,484 A.2d 384 (1984). The standard of review of a local zoning board's decision on an application for a variance is whether the board acted arbitrarily, illegally or in abuse of its discretion. Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654,427 A.2d 1346 (1980). The plaintiff carries the burden of proof. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988).
Although plaintiff's application is for a variance, the sections of the town's zoning regulations upon which the plaintiff relies do not apply to variances. These sections read as follows:
 2.11 Existing Lots Nothing in these regulations shall prevent the construction of a permitted building or establishment of a permitted use on a lot which at the time of adoption of these regulations and also at the time of construction was owned separately from any adjoining lot as evidenced CT Page 9937 by deed recorded in the land records of the Town of Madison provided that the lot contains an area of not less than 4,000 square feet and a width of not less than 40 feet and provided that any reduction in required yards shall have been approved by the Zoning Board of Appeals, or on a lot in an approved subdivision.
 13.3 The Zoning Board of Appeals shall have the following powers and duties:
. . .
 13.3.2 To hear and decide all matters upon which it is required to pass by the specific terms of these regulations.
(ROR, Item 5, pp. 3, 42.)
At his hearing, the plaintiff apparently argued that the language in 2.11, stating that, "any reduction in the required yards shall have been approved by the Zoning Board of Appeals," authorized the Board to act on his application pursuant to 13.3.2. (Item 1, pp. 49-50.) The plaintiff specifically noted that he did not seek Board action pursuant to 13.3.3, which directs the Board to act on variance applications. (ROR, Item 1, pp. 49-50; ROR, Item 5, p. 42.) Further, the plaintiff admitted that he could not qualify for a variance. (ROR, Item 1, p. 47.)
By law, applications submitted to the Board require a public hearing which is properly noticed in a newspaper. Lunt v. Zoning Board of Appeals 150 Conn. 532, 535, 199 A.2d 553 (1963). "The fundamental reason for this requirement of notice is to advise all affected parties of their opportunity to be heard and to be apprised of the relief sought." (Citations omitted; internal quotation marks omitted.) Koepke v. Zoning Board of Appeals,223 Conn. 171, 175, 610 A.2d 1301 (1992). Even published notice maybe deficient if it fails to adequately inform the public of the subject of the hearing. Id., 176. Notice is sufficient if those affected by the proposed action "were fairly and sufficiently apprised of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing." Dupont v. Planning Zoning Commission, 156 Conn. 213, 218, 240 A.2d 899
(1968).
In the present case, while the published notice informed the CT Page 9938 public that the application to be discussed was for a variance, the notice also specified the sections of the regulations pursuant to which the plaintiff applied. (ROR, Item 3.) The notice as published was insufficient to adequately inform the public that the plaintiff was pursuing anything other than a variance. The plaintiff's attempt to change the nature of his application at the hearing was improper because the public would have been deprived of adequate notice of the relief requested. To find otherwise would not only violate the statutory requirement of notice, but also defeat the policy behind such requirements.
This court determines that the Board was required to treat the plaintiff's application as a variance application, and therefor the plaintiff's appeal must be dismissed. The Board's decision to reject the application was based on the failure of the plaintiff to show hardship. (ROR, Exhibit 6, p. 5.) The Board's reason is supported by the record. Even the plaintiff admitted his inability to satisfy the necessary element of hardship to support a variance application. (ROR, Item 1, p. 47.) Therefore, the Board did not act arbitrarily, illegally or in abuse of its discretion.
The Board acted under the impression that the plaintiff applied for a variance. The Board's articulated reasoning was that the failure to show a hardship warranted the denial of such variance. The Board did not consider the propriety of the plaintiff's claims under 2.11 and 13.3.2.
For the foregoing reasons the plaintiff's appeal is dismissed.
Howard F. Zoarski, Judge