[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Issue and Submission
Whether the Waterford Zoning Board of Appeals had jurisdiction to hear an appeal of the Waterford Planning and Zoning Commission's decision to approve a site plan.
Facts
The plaintiffs allege the following facts. Plaintiff Russell W. Waldo is the owner of real property located at 64 Scotch Cap Road in the Town of Waterford, Connecticut. Plaintiff Bernard J. Lombardi is the business partner of Russell W. Waldo, and a joint permittee with Waldo on permits and approvals regarding the property.
On March 13, 1989, the Waterford Planning and Zoning Commission (hereinafter the "Commission") approved the plaintiffs' application for a special permit to locate a Planned Group Development on the property.
On or about June 1, 1990, the plaintiffs submitted an application for site plan approval to the Commission for Development of the property pursuant to the special permit.
On October 15, 1990, the Commission approved the plaintiffs' application for approval of a site plan pursuant to the zoning regulations and the special permit. CT Page 3484
On October 30, 1990, Albert Krohn, Florence Krohn, Karen Krohn and the Concerned Citizens of Quaker Hill (hereinafter the "intervenors"), by application, requested that the Waterford Zoning Board of Appeals (hereinafter "Board") hear an appeal of the Commission's approval of the site plan.
On December 6, 1990, the Board determined that it had no authority under the zoning regulations or under the General Statutes to hear appeals from site plan approvals decided by the Commission and therefore declined to accept the intervenors' application.
On January 9, 1991, the intervenors initiated a mandamus action, Albert Krohn v. Zoning Board of Appeals, Docket Number 51 72 28, seeking to compel the Board to hear an appeal of the site plan approval. By motion dated January 31, 1991, the plaintiffs were made parties defendant in the mandamus action.
On or about November 18, 1991, the plaintiffs, the intervenors and the Board agreed, by stipulation, that the Board would hear an appeal of the site plan approval.
On July 9, 1992, the Board held a public hearing on the intervenors' application appealing the granting of the site plan approval by the Commission.
On or about September 10, 1992, the Board granted the intervenors' application. In so doing, the Board found that the site plan failed to conform to Section 18.3.2 of the zoning regulations and that the site plan failed to conform to Section 23.5.6B of the special permit. From that decision, the plaintiffs appealed.
Discussion
The plaintiffs argue that jurisdiction cannot be conferred by waiver, consent or agreement; hence, the prior stipulation of the parties that the Board would hear the intervenors' appeal is meaningless.
It is well established that subject matter jurisdiction cannot be conferred by agreement of the parties. Andrew Ansaldi Co. v. Planning and Zoning Commission, 207 Conn. 67, CT Page 3485 74, 540 A.2d 59 (1988). As the court recognized in Castro v. Viera, 207 Conn. 420, 541 A.2d 1216 (1988), the rule that subject matter jurisdiction cannot be conferred by agreement has broad application. The court stated that:
 This concept, however, is not limited to courts. Administrative agencies are tribunals of limited jurisdiction and their jurisdiction is dependent entirely upon the validity of the statutes vesting them with power and they cannot confer jurisdiction upon themselves.
Id., 428. Zoning boards of appeal are no exception to the rule that subject matter jurisdiction cannot be conferred by agreement. Koepke v. Zoning Board of Appeals, 223 Conn. 171,175, 610 A.2d 1301 (1992); Lauer v. Zoning Commission,220 Conn. 455, 461-62, 600 A.2d 310 (1991). Therefore, the stipulation by the parties that the Board would hear the intervenors' appeal does not cure any jurisdictional defect which may exist. See Koepke v. Zoning Board of Appeals, supra, 175.
The plaintiffs further argue that the Board's decision that the site plan failed to conform to Section 18.3.2 of the zoning regulations and that the site plan failed to, conform to Section 23.5.6B of the special permit is a nullity because the Board had no jurisdiction to hear an appeal from the Commission's approval of the site plan. The defendants, Lois Pond, Albert Krohn, Florence Krohn, Karen Krohn and the Concerned Citizens of Quaker Hill, argue that the Board did have jurisdiction to hear the appeal.
Connecticut courts have considered the issue of whether a party may appeal a zoning commission's decision directly to the court or must first appeal to the zoning board of appeals. See, e.g., Castellon v. Board of Zoning Appeals,221 Conn. 374, 603 A.2d 1168 (1991); Conto v. Zoning Commission, 186 Conn. 106, 439 A.2d 441 (1982).
In Castellon v. Board of Zoning Appeals, supra, 380-83, the court distinguished between situations in which the local zoning regulations provide for an appeal to the zoning board of appeals from the action of a zoning commission on an application for site plan approval and situations in which the CT Page 3486 regulations do not so provide, leaving the jurisdiction of the zoning board of appeals to be governed by the General Statutes. The court in Castellon held that in the former situation, an appeal must first go to the zoning board of appeals, and, in the latter situation, an appeal must be taken directly to the Superior Court. Id.
Therefore, the question of whether the Board in the present case had jurisdiction to hear the plaintiffs' appeal of the Commission's decision to approve of a site plan is the "function solely of the particular regulations at issue." Id., supra, 383.
Section 27.2.1 of the Waterford zoning regulations provides that the Waterford Zoning Board of Appeals has the power: "To hear and decide appeals where it is alleged that there is an error in any order, requirement, or decision made by the Zoning Enforcement Officer or any other official charged with the enforcement of these Regulations." (Emphasis added.)
In Conto v. Zoning Commission, supra, 110-11, the Supreme Court concluded that the town zoning regulations vested in the zoning commission itself the power of enforcement of the local residential zoning regulations. Subsequently, in Castellon v. Board of Zoning Appeals, the court, analyzing its decision in Conto, stated:
 Conto, therefore, turned on two critical factors: (1) our reading of the local regulations as vesting the enforcement power in the commission itself, rather than in a zoning enforcement officer, and thus the implicit designation by those regulations of the commission as the enforcement "official" within the meaning of 8-6; and (2) 18.1.1 of the Washington regulations, which specifically provided for resort to the zoning board of appeals to rectify "an error in any order or decision made by the Zoning Commission or its Enforcement Officer." Neither of these factors is present in this case.
Castellon v. Board of Zoning Appeals, supra, 380. The court in Castellon, determining that there was no obligation to appeal CT Page 3487 first to the Zoning Board of Appeals from a particular decision of the Zoning Commission, distinguished the zoning regulations applicable in Conto, and stated that:
 Unlike the Washington regulations, 3 of the Branford zoning regulations, entitled `Administration and Enforcement,' requires that there be a zoning enforcement officer and is replete with references to that officer as the official charged with the responsibility of enforcing the applicable regulations. . . . Thus, unlike the Washington regulation construed in Conto, this provision does not interpose an intermediate appellate step between decisions of the commission and the court.
Id., 380-81.
Section 26.2 of the Waterford zoning regulations, entitled "Enforcement," provides as follows: "These regulations shall be enforced by the Zoning Enforcement Officer or his agent who is hereby authorized to inspect or cause to be inspected any building, place or use, and to order in writing the remedying of any condition found to exist in violation of these regulations." As in Castellon, it is the Zoning Enforcement Officer, not the Zoning Commission, who is charged with the enforcement of the zoning regulations. See Castellon v. Board of Zoning Appeals, supra, 381. Thus, Section 27.2.1 of the Waterford zoning regulations does not interpose an intermediate appellate step between decisions of the commission and the court. See Id.
Accordingly, the court finds that the Zoning Board of Appeals did not have jurisdiction to hear the appeal from the Planning and Zoning Commission's decision to approve a site plan.
Accordingly, the appeal of the plaintiffs is sustained.
The appeal from the Planning and Zoning Commission's decision of October 15, 1990, is hereby ordered reinstated. The court in that case, Docket No. CV90-51 64 66 ("the PZ Appeal") will then proceed to resolve that appeal. CT Page 3488
Hurley, J.