FRANCIS A. MINITER ET AL. *v.* ZONING BOARD OF
APPEALS OF THE TOWN OF BERLIN ET AL.
(12642)

LANDAU, SPEAR and CRETELLA, Js.

Argued March 28—decision released May 31, 1994

*Kenneth R. Slater, Jr.,* with whom, on the brief, was *E. Timothy Sullivan, Jr.,* for the appellants (defendants).

*Barbara E. Gardner,* for the appellees (plaintiffs).

CRETELLA, J. This saga of the couple who sought permission to construct a "mother-in-law" suite in their

one-family house commenced in April, 1987, when the plaintiffs applied for a building permit to construct a single-family house with the "mother-in-law" suite on the second floor. The building inspector approved the building plans, except for the upstairs suite for which permission was denied. The plaintiffs appealed that denial to the Berlin zoning board of appeals and alternatively sought a variance that would have allowed the second floor suite. The defendant board duly published the advertisement for the hearing[1] but referred only to the variance and omitted any reference to the appeal from the building inspector's partial denial of their application.

At the hearing, the board did not discuss the appeal, considering only the variance, which was denied. On appeal from that decision, the Superior Court upheld the board's denial of the variance and ruled that by requesting the variance, the plaintiffs had waived their right to appeal from the building inspector's denial. This court in *Miniter* v. *Zoning Board of Appeals,* 20 Conn. App. 302, 566 A.2d 997 (1989), relying on General Statutes § 8-6a,[2] ruled that the appeal and the request for a variance were not mutually exclusive. The case was ultimately remanded to the board for consideration

[1] General Statutes § 8-7 provides in pertinent part that the zoning board of appeals shall hear appeals from the decisions of the official charged with enforcing the zoning regulations "and give due notice thereof to the parties. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days, nor less than ten days, and the last not less than two days before such hearing. In addition to such notice, such board may, by regulation, provide for notice by mail to persons who are owners of land which is adjacent to the land which is the subject of the hearing."

[2] General Statutes § 8-6a provides in pertinent part: "Whenever an application to a zoning board of appeals for the grant of a variance is joined with an appeal from any order, requirement or decision made by the official charged with the enforcement of this chapter . . . the board shall first decide the issues presented by such appeal."

of the appeal from the building inspector's denial of the permit application.

The board then readvertised the matter using the identical form of public advertisement that it had originally utilized in 1987, i.e., giving notice of the plaintiffs' request for a variance only, and making no mention of the appeal from the building inspector's denial. The public hearing was held on April 24, 1990, where the board first considered the denial by the building inspector and then the request for a variance. On May 22, 1990, the board upheld the building inspector's partial denial of the plaintiffs' permit application and then denied the request for a variance.

On the plaintiff's appeal to the Superior Court, the trial court for the first time raised the issue of the advertisement of the public hearing, noting that the notice was silent on the subject of the appeal of the denial by the building inspector. After inviting briefs from the parties on that issue, the court sustained the plaintiffs' appeal without considering the merits of the building inspector's denial or the denial of the variance. It found that the board had failed to give proper notice of the appeal prior to the hearing and proper posthearing notice pursuant to General Statutes § 8-7.[3] The board filed the present appeal that the Superior Court should have again remanded the matter to the claiming board for reconsideration of the plaintiffs' application rather than sustaining the appeal without a remand.

---

[3] General Statutes § 8-7 provides in pertinent part: "Whenever a zoning board of appeals grants or denies any special exception or variance . . . or sustains or reverses wholly or partly any order, requirement or decision appealed from, it shall state upon its records the reason for its decision and the zoning bylaw, ordinance or regulation which is varied in its application or to which an exception is granted . . . . Notice of the decision of the board shall be published in a newspaper having a substantial circulation in the municipality and addressed by certified mail to any person who appeals to the board . . . within fifteen days after such decision has been rendered . . . ." The board's failure to publish properly its decision was not disputed by the defendant on appeal.

"Compliance with prescribed notice requirements is a prerequisite to a valid action by a zoning board of appeals and failure to give proper notice constitutes a jurisdictional defect." *Wright* v. *Zoning Board of Appeals,* 174 Conn. 488, 491, 391 A.2d 146 (1978). The notice requirement ensures that all affected parties will be advised of their opportunity to be heard and informed of the relief sought by the applicant. *Koepke* v. *Zoning Board of Appeals,* 223 Conn. 171, 175, 610 A.2d 1301 (1992), on remand, 30 Conn. App. 395, 620 A.2d 811, cert. granted, 226 Conn. 913, 628 A.2d 985 (1993).

Here, neither party disputes the Superior Court's finding that the publication notice was insufficient under § 8-7. Although as a practical matter it may seem that the absence of any reference to the building inspector's decision in the public notice of the hearing would have no effect on the general public's awareness of the subject under consideration, there is a distinct legal difference between a variance and an appeal. The issue before the board on the building inspector's denial would involve the question of whether the building inspector had properly applied the zoning regulations. See General Statutes § 8-6 (1). The issue on the variance would be whether the applicants had established a hardship to support the request for the variance. General Statutes § 8-6 (3). The fundamental difference between these two issues leads us to agree with the trial court's determination that the public notice was legally deficient.

We do not agree, however, with the trial court's action in sustaining the plaintiffs' appeal without a remand. For reasons hereafter set forth, we conclude that the trial court should have remanded the matter to the board with direction to publish a correct notice referring to both the appeal from the denial by the building inspector and the request for a variance. The

board then should, as it had previously done, consider and act first on the building inspector's denial and then on the request for a variance. General Statutes § 8-6a.

In *Koepke* v. *Zoning Board of Appeals,* supra, 223 Conn. 171, which is cited extensively by both parties in their briefs, the trial court determined that the public notice was insufficient *and* the appeal by the aggrieved neighbor was late. This court agreed that the public notice was insufficient, sustained the trial court decision, and went no further. *Koepke* v. *Zoning Board of Appeals,* 25 Conn. App. 611, 595 A.2d 935 (1991), rev'd, 223 Conn. 171, 610 A.2d 1301 (1992). Although the Supreme Court agreed that the public notice was insufficient, it ordered this court to determine whether in fact the appeal was late. *Koepke* v. *Zoning Board of Appeals,* supra, 223 Conn. 178. The Supreme Court further directed that if this court concluded that the appeal was timely, the matter should be remanded to the board, through the Superior Court, for a correct notice and a new hearing. Id. The underlying theory behind this course of action was that, if the appeal was timely taken, the appellant should not be deprived of a review on the merits because of a defective public notice that had been unilaterally created and published by the board. Id., 178–79.

In the present case, because of its belief "that matters on remand should not be handled in such a cavalier manner," the trial court did not remand the matter to the board, but in effect sought to punish the board. We are aware of no legal precedent that would permit the trial court to take this course of action. The failure of the defendant board to issue proper public notice created a jurisdictional defect that nullified the actions of the board. Id., 176–77. Thus, the case should be remanded to the board for the issuance of proper notice and consideration on the merits. Id., 178. As a policy matter, the disposition of zoning appeals on the merits

strengthens the rationality of land use planning procedures. Id., 179–80.

The board's mishandling of the notice may well have been inadvertent. We note that the form of the advertisement utilized by the board for the second hearing was identical, except for dates, etc., as that utilized for the first meeting. The notice for the first meeting was never challenged by the plaintiffs, by the trial court on the first appeal or by this court. To deprive the board of its right to decide these matters on the merits because of an insufficient notice that it never knew to be an issue would run counter to the policy expressed in *Koepke* v. *Zoning Board of Appeals,* supra, 223 Conn. 179–80.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment remanding the case to the zoning board of appeals of the town of Berlin for a properly noticed hearing and determination on the merits.

In this opinion the other judges concurred.