[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
STATEMENT OF THE APPEAL
The plaintiff, R. Marcus Lane, appeals a decision of the Zoning Board of Appeals of the Town of Greenwich (ZBA) denying an application (Amended Appeal No. 7847), dated January 26, 1995, seeking a variance of rear and side yard set-back requirements to construct a one-story addition to the rear of the home and a one-story addition to the garage.
BACKGROUND
On September 30, 1996, R. Marcus Lane filed an application with the ZBA seeking a variance of rear and side yard set-back requirements. (Return of Record [ROR], Item 1: Appeal No. 7847). The plaintiff sought to build a one-story addition on an existing patio foundation to the rear of the existing garage for use as a family playroom. (ROR, Item 1). The plaintiff filed an amended application on January 26, 1995, which included a further desire to construct a one-story addition to the front of the garage, attaching it to the dwelling, which would result in a redefinition of the location of the pool from the rear yard to the side yard, resulting in the need for greater set-backs. (ROR, Item 18: Application No. 7847). A public hearing was held on January 18, 1995 (ROR, Item 14: Transcript of public hearing), and February 15, 1995 (ROR, Item 21: Transcript of public hearing). The board denied the application on February 27, 1995. (ROR, Item 23: Decision letter dated February 27, 1995).
JURISDICTION
General Statutes § 8-8 governs appeals taken from the decisions of a zoning board of appeals to the superior court. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right.Simko v. Zoning Board of Appeals, 206 Conn. 374, 377, 538 A.2d 202
CT Page 5114-YYYY (1988). The statutory provisions are mandatory and jurisdictional in nature and failure to comply will result in dismissal of an appeal. Id., 377.
I. Aggrievement
Aggrievement must be proven in order to establish the court's jurisdiction over a zoning appeal. Connecticut Resources RecoveryAuthority v. Planning Zoning Commission, 225 Conn. 731, 739 n. 12,626 A.2d 705 (1993). An aggrieved person is a "person aggrieved by a decision of the board. . . ." General Statutes § 8-8(a)(1).
At the hearing held on April 3, 1996, the plaintiff established that he is aggrieved by the decision of the ZBA because he is the owner of the property in question. See Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 308,592 A.2d 953 (1991); Bossert Corporation v. City of Norwalk, 157 Conn. 279,253 A.2d 9 (1968).
II. Timeliness
Under General Statutes § 8-8(b) an appeal must be commenced within "fifteen days from the date that notice of the decision was published." On February 27, 1995, the denial of Appeal No. 7847 was published in the Greenwich Times. (ROR, Item 22: Legal notice of decision). Pursuant to General Statutes § 8-8(e), service was made on Carmella Budkins, Town Clerk of Greenwich, and on Barbara Hopkins, Chairman of the ZBA on March 14, 1995. Therefore, the plaintiff's appeal was timely.
The minutes of the Zoning Board's regular meeting held February 15, 1995, reflect that the board voted on a motion to grant the appeal of R. Marcus Lane in part and deny it in part. (Return of Record, Item 24: Minutes). (Copy attached) The motion did not carry. The proper procedure would then be to act or vote on the appeal itself (this was done on all the other matters acted on by the Board on that evening). The minutes do not reflect that the Board ever voted on the appeal itself. "A trial court may . . . conclude that an administrative ruling is in some fashion incomplete and therefore not ripe for final judicial adjudication."CRRA v Commissioner of Environmental Protection, 233 Conn. 486, 499,659 A.2d 714 (1995). "[S]ound public policy requries [requires] a remand to the board to enable it to complete its proceedings in proper fashion." Koepke v. Zoning Board of Appeals, 223 Conn. 171, 179,610 A.2d 1301 (1992). Because the minutes do not reflect that the CT Page 5114-ZZZZ Zoning Board of Appeals voted on the appeal, the appeal is remanded for the Board to complete its proceedings.
KARAZIN, J.
 MINUTES
 A regular meeting of the Planning and Zoning Board of Appeals of the
Town of Greenwich was held on Wednesday, February 15, 1995 at 8 P.M.
in the Joseph W. Cone Meeting Room, Town Hall, pursuant to due notice.
 PRESENT: Barbara H. Hopkins, Chairman, Edward A. Manuel,
 Secretary, Paul McDonald, William Rader and Jara
 Burnett, Alternate for William Frattarola.
 ABSENT: William Frattarola was not available.
 The following appeals were heard:
 APPEAL No. 7847 (Continued).
 Appeal of R. Marcus Lane for variance of side and rear yard
requirements to permit additions to a dwelling on the westerly side of
Meadow Lane (28), Greenwich, in the RA-1 zone.
 It was RESOLVED that said appeal be denied on the
following grounds:
 After careful consideration of the testimony presented, Mr. Rader
moved that the appeal be granted in part (the playroom addition) and
denied in part (the garage addition). Mr. Manuel seconded the motion.
Messrs. Rader, Manuel and McDonald voted in favor of the motion and
Mesdames Burnett and Hopkins voted against the motion.
 Since the affirmative vote of at least four members of
the Board is required to carry the appeal, the application is denied.
 APPEAL No. 7870-C.
 Appeal of Richard Brodman, M. D. and Mary Cherkasky, M. D., Owners,
for authorization as a special exception to permit erection of Three-car
Garage in excess of 800 square feet on the westerly side of Byram Shore
Road, (238), Byram, in the R-20 zone.

CT Page 5114-AAAAA