[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
1. Facts and Procedural History
On October 10, 1997, the Town of Enfield applied for a zone change from industrial zoned property and R88 (residential two acre minimum) to R44 (residential one acre minimum) for an area of approximately 30 acres on the north side of Abbe Road in Enfield. The proposed new zone abuts several hundred acres of property in the Town of Enfield which had previously been zoned R44.
The Planning and Zoning Commission scheduled a public hearing on the matter for November 20, 1997. At the request of Plaintiffs' counsel, that hearing was rescheduled to allow the Plaintiffs the opportunity to oppose the application. Following a public hearing on December 4, 1997, the Commission voted 6-0-1 in favor of the zone change.
The Town published timely and proper notice of its decision and Sophie Stocker and her son, Daniel Stocker, appealed the CT Page 4225 Commission's decision to this Court.
Aggrievement
At the time of the hearing on this matter, the parties entered into a joint stipulation of exhibits and facts. That stipulation was sufficient to allow the Court to find as a fact that Sophie Stocker was statutorily aggrieved. While Sophie Stocker and Daniel Stocker are mother and son, each owns separate property in the general area of the zone change. Plaintiffs' appeal as argued to this Court includes no claim of classical aggrievement. Neither was any evidence presented which would support a finding of classical aggrievement. Daniel Stocker's property is not located within 100 feet of the area of the zone change. The Court finds that Sophie Stocker is aggrieved. The Court finds that Daniel Stocker is not aggrieved and his appeal is dismissed for lack of aggrievement.
Standard of Review
This appeal is governed by Connecticut General Statute §8-8. Under that section, it is well settled that the appropriate standard of review from a zone change by a planning and zoning commission is not whether the Court would have reached the same conclusion as the agency, but whether the record before the agency supports the decision reached. Buraham v. Planning andZoning Commission of the Town of South Windsor, 189 Conn. 261,265 (1983).
When a local zoning authority is acting on a zone change, unlike the situation with a special exception a special permit, it is acting in its legislative capacity. Our Appellate Court has held in Homart Development Company vs. Planning and ZoningCommission of the Town of Watertown, 26 Conn. App. 212, 216
(1991) as follows:
"A local zoning authority acting within its legislative capacity is endowed with the freedom to act or not act as it deems appropriate to meet the needs and demands of the body politic, as it determines those needs and demands. `Balancing the preservation of the status quo with the reasonable pressure for change due to the growth in population and . . . community requirements is a function of zoning which must best be resolved by the duly authorized legislative municipal body . . .'" CT Page 4226
Discussion
The local agency gave four reasons for its approval of the proposed zone change. Those reasons were as follows:
 1. Changing conditions and recent developments in the area make this zone change compatible with the existing area.
 2. The zone change corrects the zoning map in an area where currently there was some industrial zone land that is being used, and has been used, for residential purposes.
 3. Long-standing erosion problems in the area of Abbe Road may be corrected through the future development.
 4. The possibility of gaining more open space along the Scantic River.
A zone change should be upheld if it passes a two-part test:
1. It is in accordance with the comprehensive plan; and
 2. It is reasonably related to the normal police powers enumerated in Connecticut General Statute § 8-2. Fuller, Land Use Law and Practice, § 32.2 (1993).
The Plaintiff appears to argue a perceived variance between the proposed zone change and the town plan of development. The Plaintiff's argument proceeds as if plan of development and comprehensive plan were interchangeable terms. This is not the law of the State of Connecticut. This zone change should be approved if it is in accord with the comprehensive plan. The plan of development has no direct bearing on the approval process. The reasons assigned by the agency for approving the zone change clearly support a finding that the change is in accord with the comprehensive plan and a finding that it is in accord with police powers conferred by § 8-2.
Reduced to simple terms, the Plaintiff argues that the zone change which would allow additional development by decreasing required lot size would impose an additional burden of drainage or run off on her farm property. At the hearing her attorney claimed that the property to be re-zoned is located right near the river and that the drainage and topography flows down to the CT Page 4227 river. He further discussed the claimed erosion problem that the Stockers were experiencing on their land, suggesting to the Commission that decreasing the density from R88 to R44 would increase the erosion.
This Court cannot conceive how a zone change in and of itself could increase erosion drainage or runoff. Admittedly, the reduction in density may have the potential to create such problems in the future. It is equally true that future development may do as much or more to cure such problems as to cause them. The fact is that future development of residential property of this size will require subdivision approval pursuant to § 8-25 of the Connecticut General Statutes. A "subdivision" is defined in the General Statutes as follows:
 "The division of a tract or parcel of land into three or more parts or lots, made subsequent to the adoption of subdivision regulations by the Commission, for the purpose, whether immediate or future, of sale or building development expressly excluding development from municipal, conservation or agricultural purposes, and includes re-subdivision; . . ." Connecticut General Statute 8-18.
At the time of the subdivision application, the Planning Commission will, or should, examine the adequacy of drainage.
The local agency used its legislative authority to make a zone change. The agency gave reasons for the zone change that are supported by the administrative record. The zone change is in accordance with the comprehensive plan and does not exceed the police power conferred upon the Town.
Notice of Hearing
On July 23, 1998, the Plaintiff filed a second amended complaint. That proposed amendment would have raised the question of the adequacy of notice for the public hearing in this matter. On July 31, 1998, the Defendant filed an objection to the request for leave to amend. Following argument on October 5, 1998, Judge McWeeney rendered a decision denying the motion by the Plaintiff to amend her complaint. The motion to Judge McWeeney raised other issues not relevant here. As to the limited question of the adequacy of legal notice of the public hearing, this Court is of the opinion that the notice implicates subject matter CT Page 4228 jurisdiction and accordingly, the question will be addressed notwithstanding the fact that no amendment to the pleading was allowed. The original notice for a public hearing which was published pursuant to Connecticut General Statute 8-3a described land on the north side of Abbe Road between Broadbrook Road and Long Hollow Road. Actual notice was also mailed to abutters including the Plaintiff. The actual notice included a map highlighting the exact area of the proposed zone change. It is not contested that all of the zone change is within the area described in the legal notice. It is true that the area described in the legal notice is larger than the area which was actually mapped.
In Kleinsmith v. Planning and Zoning Commission of the Townof Greenwich, 157 Conn. 303, 310 (1968) the Supreme Court held
 "The purpose of the notice required by General Statutes § 8-3 is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing."
In this instance the notice more than fulfilled theKleinsmith requirement. Because inadequate notice is a jurisdictional defect, an appellant is allowed to raise the right of the public to notice even if the appellant attended the public hearings. Koepke vs. Zoning Board of Appeals, 223 Conn. 171, 175
(1992). In light of Koepke the fact that the Plaintiff here first requested a continuance and then appeared through counsel and requested the zone change would not justify the absence of notice. It is well established law in Connecticut that attendance will not confer jurisdiction where absence of notice has already deprived the agency of jurisdiction. However, the fact that the Plaintiff first requested a continuance and then attended and contested the zone change through counsel lends credence to the Town's position that the original published notice was sufficient to alert the Plaintiff to the area of zone change.
Conclusion
The appeal of Daniel Stocker is dismissed for lack of aggrievement. While the Court finds Sophie Stocker to have been statutorily aggrieved, the Court further finds that the zone change enacted by the Town of Enfield Planning and Zoning Commission is fully supported by the record which was before it. CT Page 4229 The appeal of Sophie Stocker is dismissed.
Booth, J.