[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By application dated September 7, 1999, the Defendant, William Trojanoski, sought approval from the Westbrook Inland Wetlands and Watercourses Commission, hereafter the Commission, for a permit to subdivide a 5.1 acre of land into two lots and construct a single family home on one of the lots on premises located at 74 Pond Meadow Road in the Town of Westbrook, Connecticut. This application was scheduled for a public hearing, which began on December 7, 1999 and ended on January 4, 2000. On February 1, 2000, the Commission voted to approve the application with certain stipulations. Notice of the decision was published in the Pictorial Gazette on February 8, 2000. The Plaintiffs own land at Pond Meadow Road and are abutters to the property in question. They took this appeal pursuant to Connecticut General Statutes §22a-43. The parties filed briefs and the court took testimony and heard argument on March 27, 2001. For the reasons set froth in detail below, the court dismisses the appeal and sustains the action of the Commission.
 I. FACTS
As noted, by application dated September 7, 1999, the Defendant, William Trojanoski, sought approval from the the Commission for a permit to subdivide a 5.1 acre of land into two lots and construct a single family home on one of the lots on premises located at 74 Pond Meadow Road in the Town of Westbrook, Connecticut. A band of wetlands runs through the middle of the 5-acre parcel and both lots are within the regulated wetlands setback areas.[1] The Defendant had earlier applied for a permit to construct a house on the other lot on January 27, 1999, which application was granted. The application to subdivide the lot and construct a second home had previously been denied on May 4, 1999.[2]
The renewed application, which is the subject of this appeal, asserted that no wetlands would be altered by the activities involved. There were changes made from the earlier application and the plan for the second residence, which are not relevant here. Nonetheless, given the Commission's previous concerns, a hearing was scheduled as noted. The Commission, through its enforcement officer, arranged for publication of CT Page 6764 the hearing notice in The Pictorial Gazette, a newspaper of general circulation in the area and in the town of Westbrook itself. ThePictorial Gazette is published bi-weekly. Publication was to be in the November 27, 1999 and December 4, 1999 issues.[3] The November 27, 1999 issue carries a printed Saturday publication date, but it is the practice of The Pictorial Gazette to mail the Saturday edition to subscribers for arrival on the Friday before the printed publication date and to also place the newspapers in newsstands on the day before the stated publication date.[4] The notice stated that the purpose of the hearing in question was to:
 "review the application for subdivision and for single family residences located at West Pond Meadow Road, Map 54, Lot E-1 . . . Copies of the plan and application are on filed in the Westbrook Town Clerk's office for public inspection at any time the Town Hall is open."[5]
The Plaintiffs, Paul E. and Elizabeth Dolengewicz, are abutters to the land subject to this appeal and own property located at Pond Meadow Road. As such, they received a copy of the legal notice in question.[6]
On February 2, 2000, the Commission granted the application for the permit with certain conditions. Notice was duly published and this appeal was brought. The plaintiffs claim that by granting the application, the Commission acted illegally, arbitrarily, and in abuse of the discretion vested in it for two reasons in that:
 (1) The Commission failed to publish notice of the hearing at least ten days prior thereto in violation of 22a-42a (c)(1) and section 9.2 of the Westbrook Inland Wetlands and Watercourses Regulations, and
 (2) The Commission's written notice for the hearing was legally deficient as it referred to an application for subdivision when the application was for a permit to conduct a regulated activity.
 II. Jurisdiction
Appeals from decisions of a wetlands commission may be taken to the Superior Court. Connecticut General Statutes § 22a-43.
 "Appeals to courts from administrative agencies exist only under statutory authority . . . A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which the CT Page 6765 statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal . . ." (internal citations omitted). Office of Consumer Counsel v. Department of Public Utility Control, 234 Conn. 624, 640, 662 A.2d 1251 (1995).
The court therefore will first review in detail the factual basis for the exercise of its jurisdiction.
(A) Aggrievement
Aggrievement is a jurisdictional prerequisite to maintaining any wetlands appeal. "Pleading and proof that the plaintiffs are aggrieved within the meaning of the statute is a prerequisite to the trial court's jurisdiction over the subject matter of the appeal." Munhall v. InlandWetlands Commission, 221 Conn. 46, 50, 602 A.2d 566 (1992). "Aggrievement is a question of fact for the trial court and the plaintiff has the burden of proving that fact." Water Pollution Control Authority v.Keeney, 234 Conn. 488, 493, 662 A.2d 124 (1995). There are two categories of aggrievement, statutory and classical. Cole v. Planning ZoningCommission, 30 Conn. App. 511. 514, 620 A.2d 1324 (1993).
Connecticut General Statutes § 22a-43 contemplates statutory aggrievement when it provides:
 "Any person owning or occupying land which abuts any portion of land or is within a radius of 90 feet of the wetlands or watercourses involved in any regulation . . . [may] appeal to the Superior Court. . . ."
The Plaintiffs introduced deeds demonstrating that they are abutters of the property, which is the subject of this appeal.[7] Mr. Dolengewicz testified that he and his wife continue to own the property. The court therefore finds that the plaintiffs are aggrieved parties. As such, they are entitled to maintain this appeal.
(B) Timeliness of notice and service of process.
The court finds that notice of the decision of the Commission was duly published in The Pictorial Gazette. The court further finds, from a review of the file, that the appeal was timely served on all of the proper parties. Because these facts are found and because the plaintiffs are statutorily aggrieved parties, the court concludes that it has jurisdiction to hear the appeal presented. CT Page 6766
 III. Discussion (A) The Commission failed to publish notice of the hearing at least ten days prior thereto in violation of 22a-42 (a)(c)1.
The gravemen of this claim by the plaintiffs is that printed date on the edition of the Pictorial Gazette used to provide notice of the public hearing was November 27, 1999. Because the public hearing was held on December 7, 1999, ten "clear" days, required by the statute[8], had not elapsed since the date of the publication. It is uncontested that when a statute requires ten days between publication of notice and a public hearing, the two terminal days are excluded from the computation.Dicamillo v. Clomiro, 174 Conn. 351, 387 A.2d 560 (1978). The plaintiffs further claim that because proper and timely publication is a jurisdictional prerequisite, the Commission did not have jurisdiction to hold the public hearing on December 7, and therefore the permit granted should be vacated by the court.
It is conceded that if the date of publication is taken to be November 27, there were not 10 "clear" days prior to the hearing. If, on the other hand, the date of publication is the date on which the newspaper was placed on newsstands and timed to arrive in the mail for subscribers, there were ten "clear" days prior to the date of the December 7, 1999 public hearing.
While there is no Connecticut case law on this precise legal issue, the court does hold that findings regarding notice are questions of fact for the trier of fact, the trial court. There are several instructive trial court decisions on related issues. In Pompea v. Danbury ZoningCommission, No. 32 03 92 (Judicial District of Danbury, May 10, 1996)
where there was no "certificate of publication" in the record, the trial court relied upon a copy of the legal notice in the record. In Frank v.Zoning Board of Appeal, No. CV98 035 19 51 S (Judicial District of Fairfield at Bridgeport, May 28, 1999), the record did not contain any evidence of the date of publication, but the court made the finding based on the transmittal of the notice from the Board to the newspaper. And inJohnson v. Zoning Board of Appeals, No. CV 95 00695, (Judicial District of Litchfield, August 1, 1996), the court relied upon a clipping from a newspaper, which had a handwritten date added to it. These decisions, while not directly defining the precise factual circumstances when publication occurred, do establish that the court could, based on the publisher's certificate, find that that date was November 26, 1999.
There are some federal court decisions on the issue of whether a date of publication of a newspaper or magazine may be different than the date printed on its cover. In Backus v. Look, Inc, 39 F. Sup. 662 (S.D.N Y CT Page 6767 1941), the court held in a libel action for purposes of computation of the statute of limitations,
 "the issue of Look magazine dated December 19, 1939 was placed on public sale by independent distributors, newsdealers and chain stores on December 5, 1939 and was received by subscribers on or before that date." Ibid at page 362.
In Canon v. Time, Inc., 39 F. Sup. 660 (S.D.N.Y 1939), the court held the same under similar facts. A slightly more recent state court decision, Baugh v. Rural High School District No. 5, 185 Kan. 123,340 P.2d 891 (1959) involved the timeliness of public notice for a bond election. The court stated:
 "We think the proper construction of the statue is that the printed date is generally to be regarded as the date of publication. There was no evidence in this case competent to show that newspaper was published before its date." (page 894.)
Like zoning statutes, the Baugh court found that the provisions for notice pursuant to the applicable statute were mandatory and not directory. The ruling turned on the fact that only subscribers who called at the post office the evening prior to the "official" date of the notice would have received notice in a timely fashion. The court reviewed the circulation numbers and the various rural routes for delivery of the paper. It held, based on these findings, that general circulation of the newspaper did not occur until a day later, thus invalidating the election.
Further, as has been ably argued, there is a strong presumption of regularity in the proceedings of a public body such as this Commission.Murach v. Planning and Zoning Commission, 196 Conn. 192, 205, 491 A.2d 1058
(1985). The law also disfavors technical attacks on the actions of a public land use commission. Koepke v. Zoning Board of Appeals,223 Conn. 171, 610 A.2d 1301 (1992). The Koepke court noted "the rationality of land use planning procedures is strengthened by the disposition of appeals on their merits."(Supra, pp. 179-180.) Thus, the underlying policy reasons for sustaining the appeal weigh in favor of doing so.
Opposing this policy analysis is the Plaintiffs' claim that there would be tremendous litigation about notice publication dates and significantly increased uncertainty of outcome if the court found the publication date was not the printed date on the front page of the newspaper, but the day CT Page 6768 previously, November 26, 1999. This argument in various contexts is either called the "floodgate" argument, namely that the floodgates of litigation will open. There is also its close cousin, the "slippery slope" argument, that is if the court goes down this legal road, the law will find itself on a slippery slope with no certainty of result. Given the paucity of federal and other state court cases on the subject, both arguments do not hold much weight.
The court agrees that as a general rule the date of publication is and should be the date printed on a newspaper or magazine. Nonetheless, where, as in this case, there is evidence of a publication date different from the printed date, the date of publication should be the date of general circulation. Publication is defined in Blacks Law Dictionary as to "make public." A matter becomes public when the information is circulated among members of the public. In this instance, the court finds that newsstands as well as subscribers received the Pictorial Gazette
containing the legal notice in question on November 26, 1999, one day prior to the date printed on the paper and ten days prior to the date of the public hearing. The court therefore finds, based on the supplemented record, that the Defendant Commission met the statutory requirements of timely notice for the public hearing of December 7, 1999.
 (B) The Commission's written notice for the hearing was legally deficient as it referred to an application for subdivision when the application was for a permit to conduct a regulated activity.
Plaintiff's second claim is that the notice published by the Commission in the Pictorial Gazette did not adequately describe the matter to be considered at the public hearing. The notice stated:
 "The Westbrook Inland Wetlands and Watercourses Commission will convene a public hearing Tuesday, December 7, 1999 . . . to review the application for subdivision and single family residence located at 74 West Pond Meadow Road, Map 54, Lot E1. . . . Copies of the plan and application are on file in the Westbrook Town Clerk's office for public inspection."[9]
Connecticut General Statutes § 22a-42a (c) requires public notice prior to a hearing on an application pursuant to the inland wetlands regulations. "[T]he fundamental reason for the requirement of notice is to advise all affected parties of the opportunity to be heard and to be apprised of the relief sought." Jarvis Acres, Inc. v. Zoning Commission,163 Conn. 41, 47, 301 A.2d 244 (1972). "Compliance with statutorily prescribed notice requirements is a prerequisite to a valid action by a land use commission and failure to give proper notice constitutes a CT Page 6769 jurisdictional defect." Peters v. Environmental Protection Board,25 Conn. App. 164, 168, 593 A.2d 975 (1991). Failure to provide prehearing notice prevents interested parties from becoming involved in the hearing process. Notice "is adequate if it fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed, so as to make possible intelligent preparation for participation in the hearing." (Koepke, supra at page 617.)
The Plaintiffs claim that because the application before the Commission was for "permission to conduct a regulated activity" and not a subdivision application, the published notice was legally deficient. Plaintiffs properly point out that a subdivision application is not a matter the Commission acts upon, but is the province of the Westbrook Planning and Zoning Commission.
In this particular case, given the previous denial of the permit to construct a residence on the second of the two lots in question, the application was filed even though the plan calls for no alteration to any wetlands. The notice provided in this case specifically stated that data regarding the application was on file at the town clerk's office. The plans submitted with the application, available at the office, set forth the location of the residence, the various wetlands setbacks as well as the fact that no wetlands were proposed do be altered. A review of the plans would disclose the details of the proposal in a manner "allowing interested persons meaningful participation in the public hearing process." Woodburn v. Conservation Commission, 37 Conn. App. 166, 179,655 A.2d 764 (1995).
The Plaintiffs also raise the issue that the notice does not adequately describe the relief sought by the applicant. Any application pending before an Inland Wetlands and Watercourses Commission by clear implication involves either wetlands or watercourses which might be affected by the proposed application. It is not necessary for the notice to describe in detail the relief sought, merely as stated in Koepke,supra, that it "fairly and sufficiently apprises those who may be affected of the nature and character of the action proposed." Our courts have also held that "the notice need not describe the proposed action with exactitude." Cocivi v. Plan Zoning Commission, 20 Conn. App. 705,708, 570 A.2d 226, cert. denied, 214 Conn. 808, 573 A.2d 319 (1990). The court therefore finds the notice adequate for the general purposes required by the statute and the case law. The court concludes that the published notice of the public hearing of December 7, 1999 was legally sufficient.
For the reasons set forth above, the court dismissed the appeal and sustains the action of the Commission. CT Page 6770
Barbara M. Quinn, Judge